[No. 3,303.]

## GALLAND *v.* GALLAND.

CONTEMPT OF COURT OF EQUITY.—A husband, who lives separate from his wife, and has been adjudged by a Court of equity to pay her a certain sum monthly for her support and that of her infant child, is not guilty of contempt for not paying the sum, if he is unable to pay it and has not voluntarily created the disability for the purpose of avoiding the payment.

IDEM.—A husband attached for contempt alleged to be committed by not paying a monthly sum for his wife's support, which he has been adjudged to pay by a Court of equity, may purge himself from the contempt by showing that he is unable to pay it, and that this inability has not been voluntarily created by his own act.

STATUTE IN RELATION TO CONTEMPT.—The statute of this State in relation to contempt is a limitation upon the power formerly exercised by Courts to punish for contempt.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

*Delos Lake,* for Appellant.

The practice of compelling performance of decrees by proceedings for contempt has always obtained in chancery, and was for a long time the only method. Subsequent statutes and orders provided for writs similar to executions issuing from Courts of common law. These writs did not, however, supersede the ordinary remedies of the Court, but only provided another method of enforcing payment. (2 Daniels' Chan. Pl. & Pr. 1244, 1246, note *o*, and 1247.) The former remedies still remain, and are in the nature of executions upon which the party is entitled to jail liberties, and can be discharged under non-imprisonment laws. (*Van Weezel* v. *Van Weezel,* 3 Paige Ch. R. 43; *People ex rel.* v. *Bennett,* 4 id. 281; *Patrick* v. *Warner,* 4 id. 397; *Brockway* v. *Copp,* 2 id. 578.)

The action is for a wrong, and the judgment is not a debt, but to enforce the performance of a duty and compensate for a wrong committed, by compelling the payment of money. (*Ex Parte Perkins,* 18 Cal. 64.)

The denial of present ability to perform does not purge a contempt continuing more than two years last past.

*Howe & Rosenbaum,* for Respondent.

In order to imprison a party for contempt, for failure to comply with an order of Court ordering him to pay money, it must appear that the party is able to comply with such order. (*Ex Parte Cohen,* 6 Cal. 318; *Merritt* v. *Thompson,* 3 E. D. Smith, 600; *Meyer* v. *Trimble,* 3 E. D. Smith, 607.)

By the Court, BELCHER, J.:

The plaintiff, in January, 1868, obtained a judgment against the defendant, who was the husband of the plaintiff, but living apart from her, requiring him on the first day of

each month to pay to her, for the support of herself and infant child, the sum of eighty dollars. This judgment, on appeal to this Court, was affirmed. (*Galland* v. *Galland*, 38 Cal. 265.) The payments being in arrears since September, 1869, the plaintiff presented an application to the District Court, setting forth the failure and refusal of the defendant to pay, and praying that he might be attached and required to answer as for a contempt. Upon being brought into Court, the defendant, by his affidavit, answered that he had applied all his earnings, except what was required for his own personal use and that of an invalid daughter, towards the payment of the alimony adjudged to be paid; that he had no money or property except his personal clothing and a few articles of trifling value for his own personal use, the whole value of which was not more than seventy-five dollars, and that he was unable to make the payments required by the judgment.

After consideration the Court refused to adjudge the defendant guilty of a contempt, on the ground that he was unable to comply with the judgment, and thereupon dismissed the application. The appeal is from the order of the Court refusing to commit the defendant.

It is claimed by the appellant that the process sought is in the nature of an execution to enforce the performance of a duty by the defendant, and that she is entitled to it without inquiry as to whether he is able to perform or not; that his ability to perform is a question which can be inquired into only upon proceedings afterwards taken for his release.

From the earliest times Courts of equity have used the process of contempt for the purpose of compelling a party to pay money or to perform some pecuniary obligation, which he may have been directed to pay or perform by the decree or order of the Court, as well as to enforce obedience to a decree, directing the performance of some other act,

such as the execution of deeds or the delivering up of documents.

In this State the power of Courts to punish for contempt has been regulated by statute. It is provided that when one is adjudged guilty of contempt he may be punished by a fine of not exceeding five hundred dollars and by imprisonment for not exceeding five days, except when the contempt consists in the omission to perform an act which is yet in his power to perform, in which case he may be imprisoned until he have performed it. (Practice Act, Sections 488, 489.) This is a limitation upon the power formerly exercised by Courts to punish for contempt; but whether Courts in this State can exercise power in this respect in cases not named in the statute, or otherwise than it has provided, we are not called upon in this case to consider. In our opinion, however, where one is called before a Court to answer for contempt for not doing an act which he has been adjudged to do, inquiry may properly be had as to whether it is still in his power to do it, and if it be not, he should not be adjudged guilty, unless he has voluntarily and contumaciously disabled himself from doing it. (*Ex Parte Cohen*, 6 Cal. 318.)

In *Myers* v. *Trimble*, 3 E. D. Smith, 612, it is said: "If it appear that the debtor is unable to pay the sum ordered to be paid, that may be deemed a sufficient excuse when he appears to answer for apparent contumacy. Courts will not adjudge a defendant in contempt for not doing an impossibility, nor for not doing what it is not in his power to do, unless he has voluntarily disabled himself to do the act, when the creation of the disability was itself a contumacious act."

In this case it is not claimed that the defendant was either able to pay the money, or that he had contumaciously rendered himself unable to pay it.

Order affirmed.