[Crim. No. 362. In Bank.—November 11, 1897.]

Ex Parte J. H. TODD on Habeas Corpus.

DIVORCE—ALIMONY—INABILITY OF DEFENDANT—NEGLECT TO SEEK EMPLOYMENT UNDER ORDER OF COURT—CONTEMPT—JURISDICTION—HABEAS CORPUS. The court in which a decree of divorce is entered, including an order that the defendant shall pay permanent alimony to the plaintiff in specified installments, has no jurisdiction to compel the defendant, where he has no money or other means of payment, and has made no fraudulent disposition of property, to seek employment in order to earn money to pay the alimony decreed, nor to punish him for contempt for failing to do so; and where he is imprisoned for such alleged contempt, he will be discharged upon *habeas corpus.*

HABEAS CORPUS in the Supreme Court to the Sheriff of Sacramento County, to test the validity of an order of the Superior Court of Sacramento County imprisoning the petitioner for contempt of court. E. C. Hart, Judge.

The facts are stated in the opinion of the court.

T. J. Clunie, and E. A. Bridgford, for Petitioner.

THE COURT.—Petitioner's wife obtained a decree of divorce, including an order for the payment of permanent alimony in weekly installments. After paying two hundred and eighty dollars, the petitioner ceased making further payments, and, at the instance of the plaintiff in the divorce suit, was cited by the superior court to show cause why he should not be punished for contempt of the order of the court in failing to pay the sum of two hundred dollars in arrears, and also to show cause why he should not pay to plaintiff said sum of two hundred dollars.

Petitioner appeared in response to the citation, and, after hearing testimony pro and con, the court found, among other facts, that he had no money or other means of payment, and that he had made no disposition of any property in fraud of his creditors.

The court found, in other words, that it was not in the power of the petitioner to pay the money, or any part of it. But, at the same time, the court found that petitioner, having been allowed a month or thereabouts to seek employment by which he might have earned money to make the weekly payments of alimoney as prescribed in the order, had wholly failed and neglected to make any effort to obtain employment, and, therefore, ordered him to be imprisoned in the county jail until he paid the two hundred dollars due.

This order was clearly in excess of the power of the court, which cannot compel a man to seek employment in order to earn money to pay alimony, and punish him for his failure so to do.

Prisoner discharged.

BEATTY, C. J., concurring.—I concur in the above, but, even conceding that the failure of the petitioner to seek employment was a contempt, the order could not be sustained under ·section 1218 of the Code of Civil Procedure, because a criminal contempt is punishable by imprisonment not exceeding five days, whereas the imprisonment prescribed by this order is not so limited, but would, upon the facts found, be perpetual unless some charitably disposed person should donate to petitioner the means of payment.

Nor can the order be sustained under section 1219 of the Code of Civil Procedure, because it is only when the contempt consists in the omission to perform an act which is in the power of the

person to perform that he may be imprisoned until he shall have performed it; and here the express finding of the court is that the petitioner cannot pay.