123   293
139   246

[Crim. No. 519.   In Bank.—January 17, 1899.]

## Ex Parte JOHN J. SILVIA on Habeas Corpus.

Alimony—Nonpayment—Imprisonment for Contempt—Inability—Sale or Encumbrance of Homestead—Habeas Corpus.—A defendant ordered to pay alimony, *pendente lite*, cannot be imprisoned for contempt in nonpayment thereof, until such payment shall be made, in the absence of a finding that he is able to comply with the order. Where it appears that he has no ability to comply therewith, without selling or encumbering his homestead, he cannot be required to make such sale or encumbrance; but, in such case, he is, in a legal sense, unable to pay the alimony; and his continued imprisonment being unlawful, he must be discharged from custody upon *habeas corpus*.

HABEAS CORPUS to the Sheriff of the County of Sonoma to test the legality of an imprisonment for contempt by the Superior Court of Sonoma County for nonpayment of alimony. Albert G. Burnett, Judge.

The order for payment of alimony was made *pendente lite* in a suit for divorce in the case of *Leonora Silvia v. John J. Silvia*. The plaintiff offered to unite with the defendant in the mortgaging of the homestead, in order to raise means for the payment of alimony. Further facts are stated in the opinion of the court.

T. J. Geary, and F. A. Meyer, for Petitioner, John J. Silvia.

John P. Rodgers, for Leonora Silvia.

THE COURT.—The return to the writ of *habeas corpus* issued herein shows that the petitioner is held in custody under orders directing his imprisonment until he shall have paid a certain sum of money awarded as alimony *pendente lite*. When an alleged contempt consists in the failure to obey an order of court the party charged with such failure may be imprisoned until

he complies, provided he has the ability to comply.    If it is not in his power to do what he has been commanded to do, he cannot be condemned to perpetual imprisonment for failure to perform an impossibility.    This being so, and every court being, in contempt proceedings, a court of strictly limited jurisdiction, it is essential to the validity of a judgment directing the imprisonment of a person until he complies with an order of the court that it should be found that he is able to comply.

In this case the first order of imprisonment did contain a recital that the petitioner was able to pay the alimony in question, but upon a subsequent proceeding in *habeas corpus* before the same court, in which his ability to pay was the principal question to be determined, the order remanding him, and under which he is now held, fails to show that he is able to pay without selling or encumbering his homestead, and the question is presented whether a man can be compelled, by duress of imprisonment, to sell or encumber the homestead, which under the constitution and laws of the state is exempt from forced sale, except in certain enumerated cases, of which payment of temporary alimony is not one.

In our opinion this cannot be done.    The prisoner having no means aside from his homestead, in a legal sense has not the ability to pay the alimony, and his continued imprisonment is unlawful.

It is ordered that he be discharged from custody.

McFarland, J., dissented.

Garoutte, J., and Harrison, J., did not participate in the decision.