[Crim. No. 1027. In Bank.—June 8, 1903.]

## In re JOHN C. COWDEN, on Habeas Corpus.

CONTEMPT—FAILURE TO PAY ALIMONY—ABILITY TO COMPLY NOT SHOWN —INVALID ORDER FOR IMPRISONMENT—HABEAS CORPUS.—An order for imprisonment of a defendant for contempt, for failure to pay alimony ordered, is not valid, unless it appears that he has the ability to comply with the order imposing the alimony; and where there is no recital in the order, nor finding, nor affidavit, to that effect, a mere recital that the defendant willfully refuses to pay the alimony is insufficient to show jurisdiction to imprison the defendant for contempt, and he will be discharged upon writ of *habeas corpus.*

WRIT of *habeas corpus* to John Lackmann, Sheriff of the City and County of San Francisco, holding petitioner for contempt under a commitment from the Superior Court of said city and county. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

A. R. Needles, for Petitioner.

R. H. McDonald, for Respondent.

VAN DYKE, J.—The petitioner was imprisoned and confined in the county jail of the city and county of San Francisco, on a commitment of the superior court of said city and county, entered on the eighth day of May, 1903, as for contempt of court. He petitions this court to be released and discharged from such imprisonment, on the ground that such imprisonment is illegal, and that said order of commitment was without the jurisdiction of the court making it, and was void.

It appears from the petition that on the first day of December, 1902, Nellie E. Cowden obtained a judgment and decree of divorce from the petitioner, and it was therein adjudged that the petitioner should pay as alimony the sum of forty dollars per month, in advance, from the first day of December; that on the tenth day of March, 1903, the petitioner, not having paid all the alimony due under the said order, was,

upon the application of said Nellie E. Cowden, cited to show cause why he had not done so. At that time there was a balance of $114 still remaining unpaid. After hearing the evidence offered by the respective parties, the court, on March 13, 1903, made an order—in effect modifying the order of December, 1902—that the defendant pay to the plaintiff in said former action of divorce the sum of thirty dollars for maintenance and support. The petition contains a so-called bill of exceptions embodying the testimony taken at the hearing of March 12, 1903, but there is no record or evidence, of which the court can take notice, of any proceedings subsequent to that date. It would seem from the action of the court in modifying the order for alimony that it had been made to appear that the petitioner had not the ability to pay the amount that was first awarded. And he claims in his petition that he has not the ability to pay the sum last allowed, or any sum, and that the order of May 8th, committing him to jail, was made without any opportunity to show his inability.

In the return made to the writ by the sheriff having him in custody, he states that he held petitioner by virtue of the following order:—

"In the Superior Court, City and Co. of San Francisco, State of Cal.

"Nellie E. Cowden v. John C. Cowden.

"To the Sheriff of the City and Co. of San Francisco, State of Cal.

"Whereas, this court by its order of Mar. 13, A. D. 1903, duly made and entered, ordered and directed deft herein, to pay to pltff the sum of $30 for her maintenance and support; and whereas, deft has failed to obey said order, and willfully and in contempt thereof, still refuses to pay the same; now, therefore, you are hereby forthwith to arrest and confine said John C. Cowden, deft aforesaid, in the county jail of the City and Co. of San Francisco, for the period of five days, unless further ordered by the court in the meantime.

"May 8, 1903.                      THOS. F. GRAHAM,
                              "Superior Judge."

There is no recital in the order that the petitioner has the ability to comply with the order of the court referred to

therein, nor is there any finding to that effect; nor is the want of this recital in the order helped out by any affidavit, for no affidavit was made on or subsequent to March 13, 1903, the date of the order requiring the payment, or other showing of his ability so to do. It is not a contempt of court for a party to fail to pay a sum, however small, when it is not in his power so to do, and it does not help the case to recite in the order that he willfully refuses. That is not the equivalent of a recital or a showing that it is within his ability to comply with the order of court. Imprisonment for debt merely is not permitted; it is only allowed as a punishment for the commission of some crime or offense,—and it is neither a crime nor offense to refuse to comply with an order of court when it is not in the power of the party to do so. (*Ex parte Cohen,* 6 Cal. 319; *Ex parte Rowe,* 7 Cal. 175; *Ex parte Silvia,* 123 Cal. 293.[1])

The prisoner will be discharged.

Beatty, C. J., Shaw, J., Angellotti, J., McFarland, J., and Lorigan, J., concurred.