[Crim. No. 222.   Second Appellate District.—October 5, 1911.]

In the Matter of the Application of WILLIAM JOSEPH
    McCANDLESS, for a Writ of Habeas Corpus.

PARENT AND CHILD—ORDER FOR MAINTENANCE OF MINOR CHILDREN—IN-
    VALID COMMITMENT FOR DISOBEDIENCE — ABILITY NOT SHOWN—
    HABEAS CORPUS.—A parent who has been committed to the custody
    of the sheriff on account of his failure to make certain monthly
    payments directed by the superior court for the support and main-
    tenance of his minor children is entitled to be discharged on a writ
    of *habeas corpus,* where it nowhere appears in the record, nor in
    any order or judgment of the superior court in connection with the
    proceedings, that he has the ability to pay the sum ordered.

ID.—DUTY OF PARENT TO SUPPORT CHILDREN—ORDER OF COURT FOR IM-
    PRISONMENT—SHOWING OF ABILITY ESSENTIAL.—While it is the
    duty of a parent to support his children of tender years, yet, in
    order that he be imprisoned for failure to obey an order of the court
    in connection therewith, it must affirmatively appear that he has the
    ability to comply with the order of the court.

PETITION for discharge on writ of *habeas corpus.*

The facts are stated in the opinion of the court.

A. W. Sorenson, for Petitioner.

THE COURT.—Petitioner, as shown by the return, is in
the custody of the sheriff by virtue of a commitment issued
on account of petitioner's failure to make certain monthly
payments by the superior court directed for the support and
maintenance of his minor children.   It nowhere appears in
the record, nor in any order or judgment of the superior
court in connection with the proceedings, that petitioner has
the ability to pay the sum ordered.   While it is the duty of
a parent to support children of tender years, that he be im-
prisoned on account of the failure to obey an order of the
court in connection therewith, it must affirmatively appear
that he has the ability to comply with the order of the court.
(*In re Cowden,* 139 Cal. 244, [37 Pac. 156] ; *Ex parte Cohen,*
6 Cal. 319; *Ex parte Rowe,* 7 Cal. 175; *Ex parte Silvia,* 123
Cal. 293, [69 Am. St. Rep. 58, 55 Pac. 988].)

Petitioner discharged.