[Civ. No. 2699.    Second Appellate District.—July 22, 1918.]

## JEAN H. BAKEMAN, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

CONTEMPT—ORDER TO SHOW CAUSE—PERSONAL APPEARANCE.—An order adjudging a person in contempt of court for failing to appear in person in response to an order to show cause is unwarranted and in excess of the jurisdiction of the court where appearance is made by her attorney and presentation of her affidavit showing inability to comply with the order of the court.

ID.—PUNISHMENT FOR CONTEMPT—ABILITY TO COMPLY WITH ORDER.— An order adjudging a person in contempt of court for failure to perform an act directed by the court is void, as a basis for the imposition of punishment, unless it appears that it is within the power of such person to perform the act.

APPLICATION originally made to the District Court of Appeal for the Second Appellate District for a writ of prohibition to restrain the Superior Court from pronouncing judgment for contempt.

The facts are stated in the opinion of the court.

H. S. Laughlin, and Muhleman & Crump, for Petitioner.

L. B. Stanton, for Respondents.

SHAW, J.—Prohibition. It appears from the petition and the return made in response to the alternative writ issued herein that in an action wherein J. F. Brumund was plaintiff and petitioner and others were defendants, the court made an order requiring petitioner, within the time therein

37 Cal. App.—50

specified after service of the same, to deliver to the clerk of the court certain promissory notes and stock certificates, the right to the possession of which was claimed by plaintiff, the same to be held by the clerk pending further orders of the court.

Upon an affidavit filed setting forth the fact of the making of the order, due service thereof, and petitioner's neglect to comply therewith, she was, by an order of court made on February 9, 1918, cited to appear on the eleventh day of March, 1918, and show cause why she should not be adjudged guilty of contempt for disobedience of the order, which citation was duly served on February 15, 1918.

On March 11, 1918, the matter coming on for hearing, petitioner, in obedience to the order appeared, not in person, but by attorney, and filed an affidavit wherein she averred that prior to the commencement of the action she had transferred the notes and stock to a resident of San Francisco, since which time she had had no control thereof, and that petitioner was and at all times had been without power to comply with the order of the court. At this hearing no evidence, other than petitioner's affidavit showing her inability to comply with the order, was received. Nevertheless, the court made an order as follows: "In matter of order of Jean H. Bakeman to appear and show cause *in re* contempt, which comes on now to be heard, said defendant not being present in court is adjudged in contempt and a bench warrant is ordered to issue returnable forthwith."

Thereafter, on April 10th, petitioner appeared in court personally with her counsel; whereupon the court continued the hearing of said contempt proceedings to the twelfth day of April, 1918, at which time the court made an order as follows: "In the matter of order to show cause *in re* contempt, which comes on now for hearing, L. B. Stanton appearing as attorney for plaintiff, and H. S. Laughlin appearing for defendant, Jean H. Bakeman is sworn and examined and plaintiff's exhibit number one is filed. Thereupon the hearing is continued to April 29, 1918, and defendant is ordered to produce at that time the stock described in the complaint."

At the hearing on the 29th of April the court made an order as follows: "The defendant having failed to obey the order hereinbefore made directing her to bring into court cer-

tain certificates of stock in her possession, and at her request in open court the matter having been continued to this time, and she not appearing, she is now adjudged guilty of contempt of court, a bench warrant is ordered to issue for her arrest, but the service thereof is withheld until May 28, 1918, to which date this matter is continued." It is alleged in the petition that the Honorable Grant Jackson, as judge of said superior court, has announced his intention to and will, unless prohibited from so doing, punish petitioner for her disobedience of said order and for her nonappearance in person upon the hearings of the orders to show cause hereinbefore set forth; and in its return the court asks to have the alternative writ discharged "to the end that respondent may further proceed in the said cause of *Grumund* v. *Bakeman,*" which further proceeding we assume is the pronouncing of judgment based upon and in accordance with the orders wherein petitioner was adjudged guilty of contempt.

In response to the order made February 9, 1918, to show cause, petitioner was not required to appear personally. (*Ex parte Gordan,* 92 Cal. 478, [27 Am. St. Rep. 154, 28 Pac. 489]; *Gordan* v. *Buckles,* 92 Cal. 481, [28 Pac. 490].) A sufficient appearance was made by her attorney, who, in response to the order to show cause, presented her affidavit showing that she was then, and since prior to the commencement of the action had been, unable to comply with the order, which fact, as to the notes, is shown by the complaint in the action wherein it is specifically alleged "that said Jean H. Bakeman has transferred to a party or parties unknown to this plaintiff but well known to said Jean H. Bakeman, said and each and all of said notes so executed by said plaintiff as aforesaid; . . . said transferee has and had at the time of said transfer full knowledge of the transactions between said plaintiff and said Jean H. Bakeman." Hence, the first order made on March 11th, adjudging petitioner guilty of contempt for failing to appear in person, was, upon the authorities cited, unwarranted and in excess of the jurisdiction of the court.

The order made April 29th purports to adjudge petitioner guilty of contempt for failure to produce and deliver the certificates of stock in accordance with the direction made on April 12th requiring her so to do, and for such failure it was further ordered that a warrant issue for her arrest upon

which, as admittedly appears, judgment would be pronounced committing her to jail or subjecting her to a fine. The question, therefore, is whether this last order, made on April 29th, is sufficient to warrant the imposition of the threatened punishment. In our opinion, it is not, for the reason that petitioner could not, upon the showing of cause made by her affidavit, be in contempt in the absence of a finding or adjudication to the effect that she was then able to comply therewith. There is an absence of any recital or finding in the order or elsewhere that the petitioner had the ability to comply with the order of court referred to therein. An order adjudging one guilty of contempt for failure to perform an act directed by the court is void as a basis for the imposition of punishment, unless it appears therefrom that it is within the power of such person to perform the act. (*Ex parte Silvia,* 123 Cal. 293, [69 Am. St. Rep. 58, 55 Pac. 899]; *In re Cowden,* 139 Cal. 244, [73 Pac. 156]; *Egilbert* v. *Superior Court,* 6 Cal. App. 190, [91 Pac. 748]; *Ex parte Cohen,* 6 Cal. 319; *Galland* v. *Galland,* 44 Cal. 475, [13 Am. Rep. 167].)

Had petitioner sought a review of these orders adjudging her guilty of contempt, it would have been the duty of this court to annul the same for want of recital or finding that she was able to comply with the orders. This being true, it follows that the court upon this application should be prohibited from further proceedings which must necessarily be based upon orders which, for the reasons stated, are void.

The alternative writ of prohibition heretofore issued is made peremptory.

Conrey, P. J., and James, J., concurred.