[Civ. No. 3289.   Second Appellate District, Division Two.—February 19, 1920.]

B. MYERS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[1] SUPPLEMENTARY PROCEEDINGS—COMMITMENT OF JUDGMENT DEBTOR TO JAIL—JURISDICTION—EVIDENCE.—On a proceeding supplementary to execution the court is without jurisdiction to order that the judgment debtor pay the judgment out of bonds which the evidence shows are not only the property of his wife but are pledged as security for money borrowed by her, and that until he comply with such order he be committed to the custody of the sheriff and confined in the county jail.

[2] ID.—SUFFICIENCY OF ORDER OF COMMITMENT—FAILURE TO FIND JURISDICTIONAL FACTS.—On a proceeding supplementary to execution, an order directing that the judgment debtor be committed to the custody of the sheriff and confined in the county jail is fatally defective where it fails to find as a fact that said judgment debtor, having property from which the judgment could be paid, as ordered by the court, refused to comply with such order by applying such property, or any portion thereof, to the payment of said judgment.

[3] ID.—NATURE OF CONTEMPT PROCEEDINGS — HOW CONSTRUED.—A proceeding to punish a defendant for contempt is in its nature a criminal proceeding, and the charge and finding thereon, and the judgment of the court, are to be strictly construed in favor of the defendant.

APPLICATION for a Writ of Certiorari to review an order of the Superior Court of Los Angeles County, Grant Jackson, Judge, committing a judgment debtor to jail for contempt. Writ issued.

The facts are stated in the opinion of the court.

Willedd Andrews for Petitioner.

Frank S. Hutton and Schweitzer & Hutton for Respondent.

THOMAS, J.—This is an application for a writ of review. It is alleged in the petition that on the twenty-seventh day of December, 1918, one A. L. Gore recovered judgment

1.   Proceedings supplemental to execution, note, 100 Am. Dec. 500.

in the superior court of Los Angeles County, in a civil action on a certain promissory note, against petitioner herein; that said judgment is legal and valid; that petitioner has not appealed therefrom or.made any motion to set the same aside, and that it is in full force and effect. That on April 14, 1919, pursuant to an order for his appearance in a supplementary proceeding in said case before the Honorable Grant Jackson, Judge, petitioner appeared and testified in behalf of the plaintiff in that action; that said proceeding was continued from said day to November 18, 1919, when he again testified on behalf of said plaintiff, transcript of which latter testimony is set out in full in the petition, and that thereafter the court made the following order:

"This supplemental proceeding came on regularly to be heard the 18th day of November, 1919, and thereafter regularly continued from time to time until February 5, 1920, Messrs. Schweitzer & Hutton and H. L. Widman, Esq., appearing as counsel for plaintiff, and Willedd Andrews, Esq., as counsel for defendant, and after full and complete examination of said defendant as to any property or money in his hands or control which said defendant refuses to apply to the satisfaction of said judgment, the court finds,

"That said defendant now has in his possession and under his control, $15,000.00 in cash and securities in the form of Canadian War Bonds and sufficient to satisfy said judgment, and has sufficient property out of which and he is able to pay the judgment herein,

"Now therefore on motion of said plaintiff

"It is ordered that said defendant forthwith pay to the clerk of this court so much of the money in his possession as aforesaid as necessary to satisfy said judgment, and

"It is further ordered that until said defendant so apply said money to the satisfaction of said judgment, that he be committed to the custody of the sheriff of Los Angeles County, California, and that he be confined in the county jail until such time as he complies with the order of this court.

"Dated: Feb. 6th, 1920.
                    "(Signed) GRANT JACKSON,
                                    "Judge."

That said superior court has exceeded its authority and had no jurisdiction to make said order; that petitioner has

no appeal from said order, and has no plain, speedy, or adequate remedy other than by writ of review. That he ·is beneficially interested in this proceeding; and that pending another proceeding in this court he was ordered released from the custody of the sheriff of Los Angeles County upon his depositing the sum of one thousand dollars with the clerk of court as bail. Following this is a prayer for the writ that the said order of commitment might be reviewed by this court, and thereupon that said order might be adjudged void and of no effect.

[1] The only evidence taken on the supplementary proceedings was the testimony of petitioner herein, which testimony was either true or false. If true, then, after having read the entire record, the evidence shows that petitioner had no money or other property belonging to him with or out of which he could pay the judgment against him. If false, then there is absolutely no evidence before the court. In either case, the court was without jurisdiction to make the order in question.

There is nothing in the record showing that defendant was the owner, possessor, or had under· his control any cash, except the sum of $1.67, which the trial judge himself found in a purse that petitioner had in his pocket at the time of the supplementary proceedings. The Canadian war bonds referred to in the order of commitment were, according to the record, purchased with the fifteen thousand dollars referred to in said order, and the evidence shows conclusively that they are on deposit as collateral security with the Home Savings Bank of Los Angeles, California, placed therein by petitioner's wife, who, according to the testimony, was the owner thereof—she having purchased certain real estate with money borrowed from said bank, and to secure the payment of which said bonds were so held. The evidence further conclusively shows that petitioner was unable to procure the bonds in question, for reasons which must now be obvious. This being true, the order of commitment was made without authority of law. To permit the imprisonment here imposed, under the facts disclosed by the record before us, would be to sanction a violation of the state and federal constitutions prohibiting the imprisonment of any person for a debt in a civil action (*Knutte* v. *Superior Court,* 134 Cal. 660, [66 Pac. 875]; *In re Cowden,* 139 Cal. 244, [73 Pac. 156]); and

this is particularly true when it appears that the petitioner
has been ordered by the court to do something which it is
conclusively shown to be out of his power to do. (*Ex parte
Cohen*, 6 Cal. 319; *Ex parte Rowe*, 7 Cal. 176; *Galland* v.
*Galland*, 44 Cal. 475, [13 Am. Rep. 167] ; *Ex parte Overend*,
122 Cal. 201, [54 Pac. 740] ; *In re Cowden*, 139 Cal. 244,
[73 Pac. 156] ; *In re Garner*, 179 Cal. 409, [177 Pac. 162] ;
*Egilbert* v. *Superior Court*, 6 Cal. App. 190, [91 Pac. 748] ;
*People* v. *Forester*, 29 Cal. App. 460, [155 Pac. 1022].)

[2] Even although it be conceded that the evidence dis-
closed facts which would authorize the making of such an
order, still it will be seen from the order itself that it is
fatally defective, in that it fails to find as a fact that peti-
tioner, having property from which the judgment could be
paid, had refused to comply therewith by applying such
property, or any portion thereof, to the payment of said
judgment.   Section 1219 of the Code of Civil Procedure pro-
vides: ''When contempt consists in the omission to perform
an act which is yet in the power of the person to perform,
he may be imprisoned until he shall have performed it, and
in that case the act must be specified in the warrant of com-
mitment.''   Section 1209 enumerates the various acts and
omissions in respect to courts of justice and proceedings
therein that are contempts of the court's authority, pro-
viding, in subdivision 5, that ''disobedience of any lawful
judgment, order or process of the court'' is such contempt.
These two code provisions, therefore, call for two facts which
must appear in the ''warrant of commitment'': (1) That
the thing ordered to be done must be within the power of
the person so ordered to perform; and (2) that such person,
although he has it within his power so to do, has disobeyed
the court's lawful order.   The order made does not measure
up to these requirements.   ''The statute says that the facts
showing the contempt must appear upon the face of the
order.'' (*Overend* v. *Superior Court*, 131 Cal. 280, [63
Pac. 372].)   [3] ''A proceeding to punish a defendant·for
contempt is in its nature a criminal proceeding, and the
charge and finding thereon, and the judgment of the court,
are to be strictly construed in favor of the defendant.''
(*Schwarz* v. *Superior Court*, 111 Cal. 106, [43 Pac. 580].)
We have no hesitancy in saying that from the record before
us it conclusively appears that petitioner was ordered to ap-

pear in supplementary proceedings; that he did appear; that he testified; that he told the court of his doings, etc.; that the money and bonds referred to were not his, but were the property of his wife; that he was ordered to bring said bonds into court; that he did not do so, but showed that the same were held by the bank referred to as collateral, and that said bank would not give them up; and that for this reason it was physically impossible for him to comply with the court's order. There is no evidence in the record, therefore, to support any finding upon which to predicate an order for contempt.

It therefore results inevitably from these considerations that the record discloses a case where the court had no power to proceed and punish the petitioner as for a contempt, and its judgment accordingly must be annulled.

It is therefore ordered that the writ issue.

Finlayson, P. J., and Sloane, J., concurred.