(July 28, 1923.)

In the Matter of the Application of WILLIAM R. HAMBERG for a Writ of Habeas Corpus.

. [217 Pac. 264.]

ALIMONY—CONTEMPT—HABEAS CORPUS.

    1. To justify the imprisonment of a person until he has paid a definite sum of money provided for in a decree of divorce, it must appear that the payment of the sum was within the power of the person at the time of the commitment.

    2. Under sec. 7393, C. S., a person cannot be lawfully imprisoned for contempt of court for his failure to pay alimony which he is not able to pay.

APPLICATION for a Writ of Habeas Corpus. Petitioner discharged.

Jas. F. Ailshie and O. J. Bandelin, for Petitioner.

The judgment in this case is in conflict with sec. 15, art. 1, of the state constitution, which provides that "There shall be no imprisonment for debt in this state except in cases of fraud." (19 C. J. 296, sec. 676, notes 17 and 18; *Barbier v. Barbier*, 21 How. (U. S.) 582, 16 L. ed. 226; *Sistare v. Sistare*, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. ed. 905, 28

Publisher's Note.

    1. Inability to pay alimony as defense to contempt, see notes in 137 Am. St. 875; 15 Ann. Cas. 945; 9 A. L. R. 265; 22 A. L. R. 1260, 1270; 24 L. R. A. 437; 30 L. R. A., N. S., 1001 L. R. A. 1917C, 97.

L. R. A., N. S., 1068; *Stanfield v. Stanfield,* 67 Okl. 56, 168 Pac. 912; *Haines v. Haines,* 35 Mich. 138.)

"It is essential to the validity of a judgment directing the imprisonment of a person until he complies with an order of the court that it should be found that he is able to comply." (*Ex parte Silvia,* 123 Cal. 293, 69 Am. St. 58, 55 Pac. 988; *Bakeman v. Superior Court,* 37 Cal. App. 785, 174 Pac. 911.)

Herman H. Taylor, for Respondent.

Counsel submits the following authorities as citations quoted by him in court supporting his contentions: C. S., sec. 7394; *In re Allen,* 31 Ida. 295, 170 Pac. 921; 6 R. C. L. 538, note 13; *Ex parte Sterns,* 77 Cal. 156, 11 Am. St. 251, 19 Pac. 275; 6 R. C. L. 537, sec. 49, note 12; *Galland v. Galland,* 44 Cal. 475, 13 Am. Rep. 167; *State ex rel. District Court,* 37 Mont. 485, 15 Ann. Cas. 941, 944, 97 Pac. 841; *Smith v. Smith,* 17 Wash. 430, 50 Pac. 52; *Ex parte Kellog,* 64 Cal. 343, 30 Pac. 1030; *Staples v. Staples,* 87 Wis. 536, 58 N. W. 1036, 24 L. R. A. 433 and notes; *Re Meggett,* 105 Wis. 291, 81 N. W. 419; *People v. Forrester,* 29 Cal. App. 460, 155 Pac. 1022; *Myers v. Superior Court,* 46 Cal. App 206, 189 Pac. 109, at 111; 24 L. R. A. 434, notes; *Spencer v. Lawler,* 79 Cal. 215, 21 Pac. 742.

WILLIAM E. LEE, J.—On or about the seventh day of April, 1923, in the district court of the eighth judicial district in and for Bonner county, in an action in which petitioner was plaintiff and Olga Hamberg, his wife, was defendant, a decree was duly and regularly entered against petitioner and in favor of defendant in said action, awarding her a divorce and alimony in the sum of $30 per month for the support of herself and minor child. Thereafter petitioner made certain payments, but did not pay the total sum provided in the decree; and on May 1, 1923, there was $309 unpaid. On account of the failure of petitioner to pay the sums decreed by the court as alimony for the support of his former wife and minor child, he was cited to

appear before the district court for Bonner county to show cause why he should not be adjudged in contempt of court. The petitioner appeared in person and by counsel, whereupon a hearing was had and the court made findings of fact and conclusions of law and entered a judgment.

The court found that petitioner had failed to make the payments provided in the decree and "that . . . . plaintiff (petitioner) has been able and could have earned sufficient sums to have paid said alimony, and the whole thereof; that the plaintiff (petitioner) has made no sufficient effort to secure said money, or to pay the same; that said wilful failure to pay said money has been, and is, a wilful disobedience of a lawful judgment and order of this court and has been contemptuous. . . . ." As a conclusion of law the court found that the plaintiff was guilty of contempt and should be remanded to the custody of the sheriff of Bonner county until he "shall have paid . . . . the sum of $309." The judgment was that said Hamberg be confined in jail until the sum of $309 be paid. The return of the sheriff recited that petitioner was held in pursuance of the commitment of the district court.

While the findings do not show that petitioner ever affirmatively committed any act to render himself unable to comply with the decree of the court, they do show that he did not make sufficient effort to earn the necessary money to pay the alimony, and that he could have earned sufficient money had he made an effort to do so. However, it is nowhere set forth in the findings that, at the time of the commitment, petitioner was able to pay the amount due. Under such circumstances, therefore, was it lawful to imprison petitioner indefinitely?

The statutes of California relating to contempt are almost identical with our own statutes, and have been construed by the supreme court of that state in numerous instances. In *Ex parte Silvia*, 123 Cal. 293, 69 Am. St. 58, 55 Pac. 988, it was held by that court that " . . . . it is essential to the validity of a judgment directing the imprisonment of a person until he complies with an order of court

that it should be found that he is able to comply. . . . . "
(See, also, *Ex parte Cohen,* 6 Cal. 318; *Ex parte Todd,* 119
Cal. 57, 50 Pac. 1071; *In re Cowden,* 139 Cal. 244, 73 Pac.
156; *Ex parte Overend,* 122 Cal. 201, 54 Pac. 740; *Galland
v. Galland,* 44 Cal. 475, 13 Am. Rep. 157; *Van Hoosear v.
Railroad Commission,* 184 Cal. 553, 194 Pac. 1003, 207 Pac.
903; *Myers v. Superior Court,* 46 Cal. App. 206, 189 Pac.
109; *Bakeman v. Superior Court,* 37 Cal. App. 785, 174 Pac.
911; *Snook v. Snook,* 110 Wash. 310, 188 Pac. 502, 9
A. L. R. 262.)

The only section of our statutes providing for an indefi-
nite imprisonment in case of contempt is C. S., sec. 7393,
which provides that "when the contempt consists in the
omission to perform an act which is yet in the power of the
person to perform, he may be imprisoned until he has per-
formed it. . . . . " To justify the imprisonment of a person
until he has performed an act, it must appear that the per-
formance of the act "is yet in the power of the person to
perform." In the instant case, there is not only no showing
that it was within the power of petitioner to pay the ali-
mony, but it definitely appears from the record that at the
time of the hearing petitioner was not able to pay the sum
which the court directed that he pay in order to secure a
release from imprisonment.

In the case of *Levan v. Richards,* 4 Ida. 667, 43 Pac. 574,
it was held that sec. 5164, Revised Statutes, which is sec.
7392, Compiled Statutes, was a limitation upon the power of
the courts of this state to punish for contempt. If C. S.,
sec. 7392, is a limitation upon the power of the courts to
punish for contempt, C. S., sec. 7393, *supra,* is also such a
limitation. In adjudging that petitioner be indefinitely im-
prisoned for his failure to pay the stated amount of alimony,
without finding that petitioner, at the time of the sentence,
could pay the said sum, the district court exceeded its
power. Petitioner is illegally restrained of his liberty, and
is ordered discharged from custody.

McCarthy, Dunn and William A. Lee, JJ., concur.