[Civ. No. 8474.  Second Appellate District, Division Two.—October 21, 1932.]

LOUIS E. RUPPE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

William J. Clark and Nathan M. Dicker for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

CRAIG, Acting P. J.—The petitioner having failed to comply with a judgment awarding alimony, as modified, and with subsequent orders of the Superior Court of Los Angeles County, was pronounced guilty of contempt of said court. He prays that the order last mentioned be reviewed upon the ground that it appears upon the face of the record that the same was in excess of the jurisdiction of the tribunal which made it, and that it should be annulled.

Upon an order to show cause why the petitioner should not be adjudged guilty of contempt for failure and refusal to pay certain monthly installments of alimony in accordance with a modified judgment, and which became due during 1931 and 1932, he appeared, and pursuant to a trial of the question he was directed to make delinquent payments within a specified time. This latter order recited that: "The court finds that the defendant is in arrears and is adjudged guilty of contempt in failing to make payments . . . The court sentences the defendant to the county jail for a period of five (5) days unless all back payments are made within 20 days from date", and was entered in the minutes of the court. About one month thereafter, in the

absence of the petitioner, and without further showing, the order in controversy was made wherein it was recited that the court had theretofore found "that the defendant has had the ability to comply with the said order", but had wilfully failed and refused and still wilfully fails and refuses to comply therewith, and "made its order adjudging the defendant guilty of contempt . . . and having on said date sentenced the defendant to serve a period of five (5) days . . . "; "and further appearing that more than twenty (20) days have expired since the making of said order adjudging defendant guilty of contempt, and that said payments so in default have not been nor has any part of them been paid; therefore it is ordered that the defendant, Louis E. Ruppe, be and he is now sentenced to serve five (5) days in the county jail of Los Angeles County, commencing forthwith".

■ It is contended that the order of commitment was void for the reason that the same was made pursuant to an alternative preceding order, without a showing that the petitioner had failed to make said payments, and without affording him an opportunity to be heard.

The offense attempted to be charged was a constructive civil contempt (*In re Wilson*, 75 Cal. 580 [17 Pac. 698], sometimes defined as an "indirect" one (*In re McCarty*, 154 Cal. 534 [98 Pac. 540]). The proceeding instituted for its punishment was special, criminal in character, and the state became the real plaintiff in interest. (*Ex parte Gould*, 99 Cal. 360 [33 Pac. 1112, 37 Am. St. Rep. 57, 21 L. R. A. 751]; *Frowley* v. *Superior Court*, 158 Cal. 220 [110 Pac. 817].) ■ The disobedience of an order of court is a question of fact to be determined by the court; issues are joined, and witnesses may be called and a trial be had as in other cases. (*Ex parte Cottrell*, 59 Cal. 420; *In re Buckley*, 69 Cal. 1 [10 Pac. 69].) Until notice is given, the court is without jurisdiction to proceed to judgment; notice is for the purpose of affording the party an opportunity of being heard upon the claim or charge made, and to speak, if he has anything to say, why judgment should not be rendered. "Any departure from these recognized and established requirements of law, however close the apparent adherence to mere form in method of procedure, which has the effect to deprive one of a constitutional right is as much an excess of jurisdiction as where there is

an inceptive lack of power.'' (*Younger* v. *Superior Court,* 136 Cal. 682 [69 Pac. 485].)  ·In the instant case the petitioner was admittedly in arrears, and the trial court found that having the ability to pay he had wilfully failed and refused so to do, but the same order adjudged that he be confined in the county jail ''unless all back payments are made''. No complaint, order to show cause, or notice was thereafter issued to the petitioner, nor was he apprised of the claim that he had violated such order. The files disclose that said commitment was based upon the *ex parte* affidavit of a third person to that effect; yet the respondent does not attempt to justify it even upon corroborative evidence, much less upon judicial discretionary determination of conflicting evidence after a trial of the issue thus presented. No intendment may be indulged in favor of the order, but the charge, finding and judgment must be construed most strictly in favor of the accused. (*Schwarz* v. *Superior Court,* 111 Cal. 106 [43 Pac. 580].)

 Since the preceding order was expressly conditional it must affirmatively appear from the evidence that the conditional basis for the commitment existed, prior to its issuance, in order that an appellate court may determine by inspection of the record whether a contempt has in fact been committed. (*Selowsky* v. *Superior Court,* 180 Cal. 404 [181 Pac. 652].) It does not appear that the petitioner was charged with, nor that he in fact committed, the offense specified by the order directing that he make payment within the period of twenty days.  A judgment of contempt may be rendered only upon the answer and evidence taken. (Code Civ. Proc., sec. 1218; *In re McCarty, supra.*)

The petitioner is discharged.

Thompson (Ira F.), J., and Stephens, J., *pro tem.,* concurred.