[Crim. No. 2560. Second Appellate District, Division Two.—August 15, 1934.]

In the Matter of the Application of OLIN N. MACKAY for a Writ of Habeas Corpus.

Olin N. Mackay, *in pro. per.*, for Petitioner.

Buron Fitts, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Respondent.

CRAIG, Acting P. J.—The petitioner was adjudged in contempt of court upon failure to appear therein until more than one-half hour after the time set for resuming the trial of a criminal action in which he was counsel for the defendants. A fine was assessed and sentence of imprisonment ordered in lieu of payment thereof. Nonpayment of such fine was followed by the issuance of a commitment, whereupon the instant proceeding was instituted.

The events underlying the controversy are recited as follows in a minute order entered at the time: "The trial having been continued on May 18, 1934, to 2:00 o'clock P. M., of May 21, 1934, Olin Mackay being in court at the time of said continuance on May 18th, 1934, and said Olin Mackay having failed to appear in court on said May 21st, 1934, at 2:00 P. M., but said Olin Mackay having arrived in court 38 minutes after 2:00 o'clock P. M. on May 21st, 1934," it was adjudged that petitioner was "guilty of contempt for failure and neglect to discharge his duty as a lawyer to appear in court at the hour to which the trial was continued". By the commitment it appears that petitioner was sole counsel for the defendants in a criminal trial then in progress; that he was present and heard the order of continuance until 2 o'clock P. M. of said date; that at that time the judge, jury, district attorney, witnesses and defendants were present, but that petitioner did not then appear or give "any sufficient excuse" for his failure and neglect to appear until thirty-eight minutes thereafter, nor justify his absence from the court at the hour to which said trial had been continued.

We are of the opinion that for the purposes of this proceeding it is unnecessary to consider and judicially determine the issue argued at some length, as to whether or

not the contempt herein involved, if any there be, is direct or indirect. We find that the order and commitment are fatally defective, measured by any one of several tests. One point which we think is here decisive is that the judgment, either alone or considered in connection with the commitment, contains no finding or recital to the effect that the petitioner had the ability to do the act for the failure to do which he was found and adjudged in contempt. The authorities are uniform that such a finding must appear. (*Van Hoosear* v. *Railroad Commission,* 189 Cal. 228 [207 Pac. 903]; *In re Cowden,* 139 Cal. 244 [73 Pac. 156]; *Ex parte Silva,* 123 Cal. 293 [55 Pac. 988, 69 Am. St. Rep. 58]; *Bakeman* v. *Superior Court,* 37 Cal. App. 785 [174 Pac. 911].)

■ The order must contain a recital of the acts constituting the contempt. (5 Cal. Jur. 950, sec. 46, and cases there cited.) Also, facts and not mere conclusions must be stated. (*In re Shortridge,* 5 Cal. App. 371 [90 Pac. 478].) These matters are jurisdictional. (*Otis* v. *Superior Court,* 148 Cal. 129 [82 Pac. 853]; *Overend* v. *Superior Court,* 131 Cal. 280 [63 Pac. 372].) In the last-named case, referring to the portion of section 1211 of the Code of Civil Procedure, which deals with a case of contempt committed in the presence of the court, it is stated: "This provision can only mean that the order must contain a recital of those facts which make out a case of contempt—that is, a recital of those facts which in a case of constructive contempt the law says must be incorporated in an affidavit." It is obvious that measured by this rule the order and commitment before us are insufficient. For example, it would not be questioned that such an affidavit would be fatally defective if no allegation of ability to comply with the court's order were contained in it. It would not do to merely recite in such an affidavit some such conclusion as that the petitioner failed to give "any sufficient excuse".

In the early case of *Ex parte Rowe,* 7 Cal. 181, 183, often cited in later decisions, where the contempt charged consisted of a refusal to answer questions as directed by the trial court, it is said that the questions asked the witness should have been set forth in the commitment as well as the refusal to answer them. This would be necessary to comply with the requirement that the facts be stated. ■ In the in-

stant proceeding it should have been recited, not merely that the attorney was not present at the hour for court to convene or for some time thereafter, and that he failed to give any sufficient excuse therefor, but also what excuse he did give, if any, and if none, what was said and done showing affirmatively that he had opportunity to present an excuse.

Keeping in mind always that no presumptions or intendments can be indulged in support of the committing court's jurisdiction, but that the matter must be judged entirely by its order, and that all of the facts necessary to show jurisdiction must appear therein affirmatively, we think the application should be granted and the petitioner discharged, and it is so ordered.

Desmond, J., and Scott, J., *pro tem.*, concurred.