[Crim. No. 3102. First Dist., Div. One. Feb. 14, 1955.]

In re A. A. McCAUSLAND, on Habeas Corpus.

Ferrari & Ferrari for Petitioner.

Raymond D. Williamson for Sheriff of the City and County of San Francisco.

WOOD (Fred B.), J.—The sheriff's return shows that petitioner was committed to custody by virtue of an order of the superior court which adjudged him guilty of "wilfully violating" a judgment of that court which directed him to pay $4,800 to a referee and receiver theretofore appointed by the court, and ordered that he be "forthwith arrested and committed to the county jail there to be confined and remain until he obeys the order of this Court."

The order of commitment contains no finding that petitioner has or at any time had the ability to pay. There is nothing in the record before us indicating that any inquiry was at any time had or showing made concerning petitioner's

ability to comply with the judgment. In addition, petitioner has filed in the instant proceeding his affidavit that neither at the time the judgment was rendered nor at any time since has he had the sum of $4,800.

 This case is upon all fours with *In re Cowden,* 139 Cal. 244 [73 P. 156]. In holding invalid the order of commitment there involved, the Supreme Court said: "There is no recital in the order that the petitioner has the ability to comply with the order of the court referred to therein, nor is there any finding to that effect; nor is the want of this recital in the order helped out by any affidavit, for no affidavit was made on or subsequent to March 13, 1903, the date of the order requiring the payment, or other showing of his ability so to do. It is not a contempt of court for a party to fail to pay a sum, however small, when it is not in his power so to do, and it does not help the case to recite in the order that he wilfully refuses. That is not the equivalent of a recital or a showing that it is within his ability to comply with the order of court. Imprisonment for debt merely is not permitted; it is only allowed as a punishment for the commission of some crime or offense,—and it is neither a crime nor offense to refuse to comply with an order of court when it is not in the power of the party to do so." (Pp. 245-246. See also *Ex parte Silvia,* 123 Cal. 293 [55 P. 988]; *Van Hoosear* v. *Railroad Com.,* 189 Cal. 228, 233 [207 P. 903]; *Bakeman* v. *Superior Court,* 37 Cal.App. 785, 788 [174 P. 911]; *Merritt* v. *Superior Court,* 93 Cal.App. 177-181 [269 P. 547]; *In re Mackay,* 140 Cal.App. 400, 402 [35 P.2d 385].) "Furthermore, the judgment must not only specify the act to be performed; it must also include a finding that such act is within the power of the contemner to perform." (*In re Wells,* 29 Cal.2d 200, 202 [173 P.2d 811]. See also *In re Moulton,* 100 Cal.App.2d 559, 563 [224 P.2d 76].) A statement that the contemner "has the present ability to pay" was deemed a mere conclusion of law, not a finding of fact, in *In re Cardella,* 47 Cal.App.2d 329 [117 P.2d 908]. A finding of present ability to pay a " 'substantial sum' " was declared a mere conclusion, "not a finding of the present ability of petitioner to pay $1,200 or any other definite sum," in *In re Scroggin,* 103 Cal.App.2d 281, 283 [229 P.2d 489].

Since the order of commitment is void for failure to conform to the above stated requirements, other points urged by the petitioner need not be considered. Indeed, we have not been furnished a record adequate for the consideration of his

other points, which involve the question whether the $4,800 judgment represents a debt that is enforcible by imprisonment in view of the provisions of section 15 of article I of the state Constitution.

The petitioner is discharged from custody. It is further ordered that the bail in the sum of $250 cash heretofore deposited with the clerk of this court be exonerated, and it is ordered returned to the petitioner.

Peters, P. J. and Bray, J., concurred.