[Crim. No. 5880.   Second Dist., Div. Two.   Apr. 22, 1957.]

In re NESTOR A. MICHELENA, on Habeas Corpus.

Newman & Newman and J. H. Morris for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and Robert C. Lynch, Deputy County Counsel, for Respondent.

Hahn, Ross & Saunders for Real Party in Interest.

RICHARDS, J. pro tem.*—On June 25, 1953, in a separate maintenance action in the Los Angeles Superior Court, a judgment for support was entered against the defendant, who is the petitioner herein, directing him, among other things, to pay to the plaintiff the sum of $400 per month for her support and $125 per month for the support of each of two minor children. After a hearing on September 27, 1955, of an order to show cause in re contempt for defendant's failure to comply with the support provisions of the judgment, the court commissioner found that the petitioner was delinquent in the sum of $10,320 as of April 30, 1955, but no finding was made by the commissioner as to defendant's ability to pay the delinquent amount

*Assigned by Chairman of Judicial Council.

or any definite part thereof and, based on the commissioner's findings, the respondent court found "that the defendant had the ability to comply with said order of court to a greater extent; that the defendant failed to comply with said order of court; and that his failure to comply was wilful"; adjudged him in contempt of court; sentenced him to serve five days in the county jail and suspended the execution of the sentence on condition that he make future payments as they became due. On February 10, 1956, pursuant to a subsequent order to show cause why the suspension of sentence should not be revoked, the respondent court ordered that "So much of the suspension of sentence as amounts to confinement of 3 days in the County Jail is vacated and that portion of the sentence is ordered executed." Thereafter, the court revoked the suspension of two of the five days' sentence; revoked the stay of the sentence and remanded the defendant to the custody of the sheriff to serve five days pursuant to the adjudication of contempt dated February 27, 1955.

The sole question for consideration is whether the court's finding that petitioner "had the ability to comply with said order of court to a greater extent" is sufficiently definite to constitute a finding that petitioner had the ability to pay any or all of the delinquent monthly payments aggregating $10,320. ■ An adjudication of contempt cannot be sustained in the absence of an unequivocal finding of ability to comply with the court's order. (*In re Cowden*, 139 Cal. 244 [73 P. 156]; *Bailey* v. *Superior Court*, 215 Cal. 548, 552 [11 P.2d 865]; *In re Lande*, 96 Cal.App.2d 926, 931 [216 P.2d 909]; *In re McCausland*, 130 Cal.App.2d 708, 709 [279 P.2d 820].)

■ No presumptions or intendments may be indulged in support of the contempt order and the findings and judgment are strictly construed to favor the accused (*Raiden* v. *Superior Court*, 34 Cal.2d 83, 86 [206 P.2d 1081]; *Ruppe* v. *Superior Court*, 127 Cal.App. 118, 121 [15 P.2d 197]; *In re Felthoven*, 75 Cal.App.2d 465, 470 [171 P.2d 47]).

■ In the instant matter, the finding of ability to comply with the court's order was qualified by the phrase "to a greater extent." This is a relative phrase, and not subject to interpretation with any exactitude. A finding of ability to comply "to a greater extent" with an order requiring payment of specified monthly amounts is not a finding of ability to pay any specific delinquent monthly installment and is so vague, indefinite and uncertain as to leave to conjecture the amount, if any, which the petitioner had the ability to pay and is not a sufficient finding of ability to comply with the court's order

to sustain the adjudication of contempt. (*In re Scroggin,* 103 Cal.App.2d 281, 283 [229 P.2d 489].)

The writ is granted, the petitioner is discharged and his bond is ordered exonerated.

Fox, Acting P. J., and Ashburn, J., concurred.

The petition of Maria Michelena, real party in interest, for a hearing by the Supreme Court was denied June 19, 1957.