[Crim. No. 9511.   Second Dist., Div. Three.   Feb. 25, 1964.]

In   re   HERBERT   DONALD   BRONSTEIN   on   Habeas Corpus.

De Luca & Thabit and Fred De Luca for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and Robert C. Lynch, Deputy County Counsel, for Respondent.

Fierstein & Dolin for Real Party in Interest.

SHINN, P. J.—By interlocutory decree of divorce in 1958, and later final decree, Carole Bronstein was awarded $100 per month for her support and petitioner was ordered to pay $100 per month for each of two minor children and also to pay for their medical care.

In October 1963, upon a declaration of Carole's that petitioner was in arrears in the amount of $7,000 for support of herself and in the amount of $670 for child support, petitioner was cited for contempt. Appearing without counsel he was found in contempt and on October 17th was committed to jail to remain until he had paid $2,395. Petitioner obtained counsel, the court ordered petitioner's release, and held a further hearing. Petitioner paid $670 due child support. At the further hearing petitioner was found to be in arrears in the sum of $1,719, of which $1,300 was due Carole, $160 was due a clinic and $259 was due a pediatrician. Petitioner was found to be in contempt and was committed to jail, to remain until the $1,719 was paid in full.

The findings of the court were contained in the order of commitment. It recited that petitioner had knowledge of the terms of the decree, was $1,719 in arrears, and read in material part: "... the Court finds that the defendant has had the ability to comply with the said order of Court. That he has no physical disability, but has wilfully failed and refused and still does wilfully fail and refuse to comply with the said order of Court."

The court made no finding that at the time of the hearing petitioner had the ability to pay all or any part of the amount found to be owing. The finding that petitioner "*has had*" the ability to comply implies that the court considered the evidence to be insufficient to warrant a finding that petitioner had a present ability to comply.

Without proof of petitioner's present ability to comply with the terms of the decree by the payment of $1,719, the court was without authority to commit petitioner until he paid that amount. (*Ex parte Todd*, 119 Cal. 57 [50 P. 1071].) Since the authority of the court to make the

138

order is not shown on the face of the record the order of commitment is void.

The order is annulled; petitioner is discharged.

Ford, J., and Files, J., concurred.