BROOKLYN UNION GAS COMPANY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

GAS AND ELECTRICITY — REASONABLENESS OF PRICE FIXED BY STATUTE — TRANSPORTATION CORPORATIONS LAW (L. 1890, CH. 566), § 70 — NEW YORK CITY. Where the price of a commodity is established by law (in this case illuminating gas furnished to the city of New York in the borough of Brooklyn), whatever price the legislature permits to be charged must be deemed to-be reasonable, and when the seller makes a charge of less than the maximum, the purchaser cannot resist .payment upon the ground that the statute has permitted an unreasonable charge.

*Brooklyn Union Gas Co.* v. *City of New York,* 115 App. Div. 69, affirmed.

' (Argued April 1, 1907; decided April 30, 1007.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 5, 1906, which affirmed an order of Special Term denying a motion for an inspection of defendant's books, records and documents, and for an inventory of its plant.

The facts, so far as material, and the questions certified are stated in the opinion.

*William B. Ellison,* Corporation Counsel (*Theodore Connoly* and *William P. Burr* of counsel), for appellant. The reasonableness of the rate fixed is always a question for the court, and although the price of gas is fixed by the legislature, the consumer, as well as the manufacturer, may question its reasonableness in the courts. (*C., etc., R. R. Co.* v. *Minnesota,* 134 U. S. 461; *Reagan* v. *F. L. & T. Co.,* 154 U. S. 362; *C., etc., T. Co.* v. *Sanford,* 164 U. S. 578; *I. C. Comm.* v. *Ry. Co.,* 167 U. S. 479; *Smyth* v. *Ames,* 169 U. S. 466; *S. D. L. & T. Co.* v. *National City,* 174 U. S. 739; *Griffin* v. *G. W. Co.,* 122 N. C. 206; *R. L. & C. D. Water Co.* v. *City of Redlands,* 121 Cal. 312; *Trammel* v. *Dinsmore,* 102 Fed. Rep. 794; *Cedar Water Co.* v. *City of Cedar Rapids,* 118 Iowa, 259.) The fixing of a maximum rate for supplying gas does not give the companies supplying a vested right to that rate. (*Ruggles* v. *Illinois,* 108 U. S. 526; *Railroad Commission Cases,* 116 U. S. 307; *Georgia Banking Co.* v. *Smith,* 128 U. S. 174; *Winchester, etc., Co.* v. *Croxton,* 98 Ky. 739; *Atty.-Gen.* v. *C. G. L. & C. Co.,* 34 Ohio, 572.) In the absence of contract obligation a public service corporation is entitled only to reasonable compensation. (*H. G. L. Co.* v. *Mayor, etc.,* 33 N. Y. 309; *Matter of Dugro,* 50 N. Y. 513; *Baird* v. *Mayor, etc.,* 96 N. Y. 583; *Gleason* v. *Dalton,* 28 App. Div. 555; *N. R. E. Co.* v. *City of New York,* 48 App. Div. 14.) The legislature and the public are not one to the extent that the legislature having passed an act regulating rates, the public are thereafter estopped from attacking the reasonableness of such rates. (*R. P. W. Co.* v. *Fergus,* 178 Ill. 571; *Pond* v. *N. R. W. Co.,* 183 N. Y. 330; *M. N. G. Co.* v. *City of Muncie,* 160 Ind. 97; *Covington* v. *Sanford,* 164 U. S. 578; *Griffin* v. *Goldsboro,* 122 N. C. 206; *People ex rel.* v. *M. G. L. Co.,* 45 Barb. 136; *Sheppard* v. *M. G. L. Co.,* 6 Wis. 539; *B. G. L. Co.* v. *Coloday,* 25 Md. 1.)

*William N. Dykman* for respondent. The maximum price fixed by statute is a reasonable price and lawful and the

plaintiff may collect any price which does not exceed such maximum. (*Munn* v. *Illinois*, 94 U. S. 113; *Johnson* v. *H. R. R. R. Co.*, 49 N. Y. 455; *Lewis* v. *N. Y. C. & H. R. R. R. Co.*, 49 Barb. 334; *Fisher* v. *N. Y. C. & H. R. R. R. Co.*, 46 N. Y. 644; *Barnett* v. *B. H. R. Co.*, 53 App. Div. 432; *Budd* v. *New York*, 143 U. S. 517; *Detroit* v. *D., etc., R. Co.*, 184 U. S. 388; *Sorrel* v. *C. R. R. Co.*, 75 Ga. 509; *W., etc., Co.* v. *C. & A. R. Co.*, 52 Fed. Rep. 716.) The court cannot review the legislative declaration that the maximum price is reasonable. (*Munn* v. *Illinois*, 94 U. S. 113; *L. S. R. Co.* v. *Smith*, 173 U. S. 684; *People* v. *Budd*, 117 N. Y. 1; *R. R. Com. Cases*, 116 U. S. 307; *C., etc., R. Co.* v. *Minnesota*, 134 U. S. 418; *Reagan* v. *T. L. & T. Co.*, 154 U. S. 262; *Smyth* v. *Ames*, 169 U. S. 466; *Noblesville* v. *Gas Co.*, 157 Ind. 162; *Gas Co.* v. *Des Moines*, 72 Fed. Rep. 829; *Logansport Gas Co.* v. *Peru*, 89 Fed. Rep. 185.)

O'Brien, J. This action was brought by the plaintiff against the city of New York to recover the sum of over $262,000 for illuminating gas alleged to have been furnished to the defendant by the plaintiff for the purpose of lighting the public buildings and streets of the city. The price charged was at the rate of ninety cents per thousand cubic feet, and it is alleged on the part of the defendant that this was an excessive and unreasonable charge, considering the expense of producing it and allowing to the plaintiff a reasonable profit. An inspection of the pleadings discloses that this is the main, if not the only, defense to the action.

The gas was furnished, as is alleged, between the first day of January, 1903, and the 16th day of March, 1904. For several years prior thereto the plaintiff had supplied gas to the city, which service was rendered under written yearly contracts made through public lettings conducted under the provisions of the charter. A contract of that nature was made between the plaintiff and defendant for the year 1902, which expired January 1st, 1903. In December, 1902, the

proper municipal officer, acting under the provisions of the charter, advertised for bids for the supply of gas for the year beginning January 1st, 1903, and ending December 31st of that year. The plaintiff made proposals in writing, wherein was specified the price, and submitted its bid according to the advertisement. Its bid was ninety cents per thousand cubic feet, but when the bid was opened a controversy seems to have arisen between the plaintiff and some of the municipal officers in relation to the price, and the result was that the bid was neither accepted nor rejected until about the 8th day of December, 1903 ; when the plaintiff was notified that the bids were rejected. No further attempt was made by the city to enter into a formal contract for the supply of gas, but it still continued to use and the plaintiff to supply the gas as before. This resulted in the controversy in question.

In February, 1906, the defendant presented a petition to the court praying that an order be granted allowing the defendant to make an inspection and inventory of the plaintiff's plant, an examination of its books, records and documents showing the cost of coal or other raw material, the wages and salaries paid, the amount of moneys invested and the present value of its plant, and all other items of expenditures and receipts pertaining to the cost of production and distribution of gas during the period in question, it being alleged that such facts were necessary as bearing on the question of the reasonableness of the charge. The court at Special Term denied the application, and the order was affirmed at the Appellate Division, but permission was given to appeal to this court, and two questions were certified for our consideration, viz. :

"(1) In this action can the defendant question the lawfulness of the price charged for the gas furnished and consumed by it on the ground that such price is in excess of the fair and reasonable value ?"

"(2) Is the actual cost to the plaintiff of the production and distribution of the gas a material fact in the controversy ?"

The answers to the questions certified depend upon the

construction of a statute, the material part of which is as follows: "In any city in this state having a population of eight hundred thousand or over, no corporation or person shall charge for illuminating gas a sum to exceed one dollar and twenty-five cents per thousand feet, and such gas shall have an illuminating power of not less than twenty sperm candles, or six to the pound, and burning at the rate of one hundred and twenty grains of spermaceti per hour, tested at a distance of not less than one mile from the place of manufacture, by a burner consuming five cubic feet of gas per hour, and shall comply with the standard of purity now or hereafter established by law; *    *    *" (Transportation Corporations Law, L. 1890, ch. 566, sec. 70.)

The learned corporation counsel contends that this statute simply prescribes a maximum figure beyond which it is not lawful for the plaintiff to pass in presenting bills for gas; that it does not preclude the city in this action from contesting the question whether the price charged is reasonable or not, and that the city is entitled to show, if it can, by the proposed examination that the reasonable price of gas is much less than ninety cents per thousand cubic feet. We do not think that this contention can be sustained. Counsel have presented elaborate arguments on this question and numerous authorities have been cited, which need not be referred to. The question, we think, is a very simple one. The plaintiff is seeking to recover for gas furnished at the rate of ninety cents per thousand cubic feet, while the statute permitted it to charge more, if it thought wise to do so in a business sense. The legislature intended and did by this statute regulate the price of gas in the borough of Brooklyn. It established a maximum price which might be charged. Whatever price the legislature permitted the plaintiff to charge must be deemed to be reasonable and, hence, a charge of any sum below the maximum of one dollar and twenty-five cents must be deemed and taken to be a reasonable charge. When the price of a commodity is established by law it is not competent for the party purchasing it to resist payment on the ground

that the law has permitted the seller to make an unreasonable charge. Hence, when the plaintiff furnished and the defendant received and used the gas the latter was precluded by statute from raising any controversy such as this with respect to the reasonableness of the charge; in other words, the charge must, in view of. the statute, be deemed reasonable.

The order appealed from should be affirmed, with costs, and the questions certified answered in the negative.

CULLEN, Ch. J., EDWARD T BARTLETT, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Order affirmed.