[L. A. No. 3369.   Department Two.—October 2, 1914.]

ECONOMIC GAS COMPANY (a Corporation), Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation), et al., Appellants.

GAS COMPANY—REGULATION OF RATES BY CITY—AUTHORITY NOT LIMITED TO FIXING MAXIMUM RATE.—The power conferred by section 19 of article XI of the constitution upon a municipal corporation "to regulate the charges" for gas sold by a public service corporation, is not limited to the establishing of a maximum rate, but authorizes a municipality to fix a rate and prohibit the lowering thereof, directly or indirectly by any sort of device which the gas company may adopt.

ID.—REGULATION OF CHARGES OF PUBLIC SERVICE CORPORATIONS—PREVENTION OF RUINOUS COMPETITION.—Regulation of the charges imposed by public service corporations includes the power to prevent ruinous competition among the producers as well as unjust charges to the consumers.

ID.—FIXING OF GAS RATE BY CITY—WHETHER GAS COMPANY MAY LOWER BY DISCOUNTING BILLS PAID AT OFFICE.—A municipal ordinance fixing a rate to be charged for gas and making it unlawful for a public service corporation to charge a lower rate unless consent to a reduction is obtained from the board of public utilities, is enforceable against a gas corporation which, without obtaining such consent, adopts a rule to discount its customer's bills in consideration of the payment of the same at the office of the company on or before the tenth day of the month next succeeding that during which the indebtedness was incurred.

APPEAL from a judgment of the Superior Court of Los Angeles County.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

John W. Shenk, City Attorney, Charles D. Houghton, and Roy A. Linn, for Appellants.

Trippet, Chapman & Biby, for Respondent.

MELVIN, J.—By ordinance No. 22947 (New Series) the city of Los Angeles established a rate of eighty cents per thousand cubic feet as the amount to be charged for gas furnished by the Economic Gas Company, a corporation, to its patrons within the corporate limits of that city. The gas company, for the purpose of facilitating its collections and to save the expense of hiring collectors, made a rule that a discount of six and one-fourth per cent would be allowed to each consumer who would pay his bill at the office of the company on or before the tenth day of the month next succeeding that during which the indebtedness should be incurred. This action was one by which plaintiff sought to enjoin defendants from enforcing that part of the ordinance which prohibited the selling of gas at a rate less than that prescribed therein. Defendants demurred to the complaint; their demurrer was overruled; they declined to answer; and judgment was accordingly entered in compliance with plaintiff's prayer, enjoining defendants from any interference with the granting of the said rebates. They have appealed from the judgment.

By the first section of the ordinance in question the rates to be charged by the various gas companies in the city of Los Angeles are fixed, that specified for plaintiff being, as stated above, eighty cents per thousand cubic feet. By section 2 it is made unlawful for any person, firm, or corporation furnishing gas in said city to charge, collect, or receive any compensation in excess of the rate fixed thereby for the year commencing July 1, 1911, and ending June 30, 1912. Section 3 is in part as follows:

"It shall be unlawful for any person, firm or corporation, either, as principal, agent, employee, or otherwise, to charge, demand, collect or receive any rate or compensation for gas supplied during the year commencing July 1, 1911, and ending June 30, 1912, to the city of Los Angeles, or to any inhabitant thereof, less than the rate fixed by this ordinance, unless an application for a reduction in such rate is made by the person, firm or corporation so supplying such gas, and the consent of the board of public utilities thereto is obtained in the manner hereinafter provided."

It is unnecessary, for the purposes of this opinion, to state in detail the procedure required to invoke the action of the board of public utilities. Suffice it to say that the board is

authorized by the section to lower the rate on application and to raise it again on request of a gas producer, but not to a figure in excess of that established by the first section of the ordinance. It is alleged in the complaint that the gas company has not made application to the board of public utilities for permission to discount its bills, for the reason that said board has notified the officers of the company that such request would be denied.

Section 4 provides that it shall be unlawful to charge any person any rate greater or less than that demanded of another for the same service.

Section 5 prohibits the collection by rebate, drawback, or other device, of compensation for gas greater or less than or different from the rates fixed by the said ordinance.

By section 19 of article XI of the constitution, any municipal corporation is given authority to "regulate the charges" for gas sold by any public service corporation or any individual engaged in similar business, and among the enumerated powers of the city in its charter (Stats. 1911, p. 2063) is that "to fix and determine rates of compensation to be collected . . . for gas." The authority conferred is plenary and by the terms of the constitution and the charter does not limit the city to the establishing of a maximum rate. Respondent insists, however, that the city's power is merely to declare a maximum rate and that the corporation may do anything it desires in the way of a reduction of price to a general class of consumers. We cannot agree with this contention. One of the purposes of regulation is to exclude favoritism to an individual or a class. If the legislative body of a city might only fix a maximum rate it might be possible for a corporation to reduce its charges, in some form or another, to a point which would drive a competitor out of business and, after accomplishing that result, to resume the maximum charge permitted by law.

It is contended that the city's police power extends only to the protection of the consumer. But "regulation" involves more than that. It includes the power to prevent ruinous competition among the producers as well as unjust charges to the consumers. Familiar examples of the right of a regulating body to fix rates which may not be exceeded nor rebated are furnished by the controversies which have arisen between the interstate commerce commission and certain

transportation companies. The supreme court of the United States has held that the tariff rates for shipments may not be evaded by any pretext or device. (*Armour Packing Co.* v. *United States*, 209 U. S. 71, [52 L. Ed. 681, 28 Sup. Ct. Rep. 428]; *Louisville & Nashville R. R. Co.* v. *Mottley*, 219 U. S. 476, [34 L. R. A. (N. S.) 671, 55 L. Ed. 297, 31 Sup. Ct. Rep. 265].) In the recent case of *Pinney & Boyle Co.* v. *Los Angeles Gas & Electric Corp.*, 168 Cal. 12, [141 Pac. 620], this department disposed of the whole subject of contracts with consumers made in violation of this ordinance. There, as here, one of the contentions was that the police power of the city permitted the establishment of a maximum rate only, but it was held that such a theory was in practical effect "a denial of the existence of the rate fixing power itself."

Respondent argues that the power sought to be vested in the board of public utilities by section 3 of the ordinance may not be lawfully exercised because by its exercise rates might be fixed more frequently than once a year, contrary to the express prohibition of the law. (Stats. 1911, p. 2021.) It is unnecessary to discuss this interesting matter for the reason that admittedly the board has not ever been requested to act upon the subject of respondent's proposed discounts. If we eliminate this part of the ordinance there still remains that portion of it by which the city council in the exercise of its undoubted authority fixed rates which it deemed reasonable. It forbade any departure from these rates except by permission of the board of utilities, and if the exception be void the inhibition is clearly not so. We are not here concerned with the reasonableness of the rate of eighty cents per thousand cubic feet for gas. Indeed by seeking in some instances to charge a lower rate respondent concedes its reasonableness. We are merely concerned with the power of a municipality to prohibit the lowering of rates directly or indirectly by any sort of device which a gas company may adopt. Such power does exist and it has been exercised in the ordinance now before us.

The judgment is reversed and the cause remanded, with directions to the superior court to sustain the demurrer of defendants to the complaint and to dissolve the injunction.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.