[S. F. No. 9374. In Bank.—December 22, 1920.]

## WILLIAM S. VAN HOOSEAR, Petitioner, v. THE RAILROAD COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

[1] PUBLIC UTILITY—SUPPLYING WATER—CHARACTER OF BUSINESS—TEST.—The test to be applied in determining whether a person engaged in the business of supplying water is engaged in a public utility business is whether or not he holds himself out, expressly or impliedly, as engaged in the business of supplying water to the public as a class or a limited portion of it as contradistinguished from his holding himself out as serving or ready to serve only particular individuals, either as a matter of accommodation or for other reasons peculiar and particular to them.

[2] ID.—FINDING OF COMMISSION—WHEN CONCLUSIVE.—An order of the Railroad Commission finding that a person engaged in the business of supplying water is engaged in a public utility business cannot be annulled if there is any evidence to justify the finding.

[3] ID.—SUPPLY OF WATER BY FARM OWNER TO NEIGHBORS—CONTINUANCE AFTER REFUSAL OF LEAVE TO DISCONTINUE—PUBLIC UTILITY BUSINESS.—Where a farm owner supplying water from his own plant to some of his neighbors as a matter of accommodation applied to the Railroad Commission for leave to discontinue the service, and, after such leave was refused, continued the service without anything to indicate that he did not do so in acquiescence with the order of the commission and in the character of a public utility operator, the inference was warranted that he was engaged in a public utility business.

[4] ID.—DISCONTINUANCE OF SERVICE—CONSENT OF CONSUMERS—CHARACTER OF BUSINESS UNAFFECTED.—Where a farm owner was

---

1. Waterworks as constituting public works, note, 11 **Ann. Cas.** 595.

engaged in the public utility business of supplying water from his own plant to some of his neighbors, the character of the business could not be changed from a public utility to a private business by the agreement of all the consumers that the service might be discontinued.

PROCEEDING in Certiorari to review an order of the Railroad Commission for the resumption of water service. Order affirmed.

The facts are stated in the opinion of the court.

H. S. Craig and W. B. Rinehart for Petitioner.

Hugh Gordon for Respondent.

OLNEY, J.—This is an original application to this court seeking to annul an order of the Railroad Commission made in a proceeding upon its own initiative, finding that the petitioner, Van Hoosear, was engaged in the business of supplying water to the public, had been charging rates not authorized by the commission, and had discontinued his service without the permission of the commission, and directing him to resume service and supply water at rates fixed by the order. There is no doubt as to the petitioner having engaged in the business of supplying water, or as to his having charged rates not authorized by the commission, or as to his having discontinued his service without permission, and it is apparent at once that if the commission's finding that he was engaged in a public utility business is justified upon the facts shown, the commission had authority to make the order. The sole question, then, is as to the character of the petitioner's business.

[1] The test to be applied is whether or not the petitioner held himself out, expressly or impliedly, as engaged in the business of supplying water to the public as a class, not necessarily to all of the public, but to any limited portion of it, such portion, for example, as could be served by his system, as contradistinguished from his holding himself out as serving or ready to serve only particular individuals, either as a matter of accommodation or for other reasons peculiar and particular to them. (*Thayer* v. *California Dev. Co.,* 164 Cal. 117, [128 Pac. 21]; *Pinney etc. Co.* v. *Los Angeles Gas*

*etc. Co.,* 168 Cal. 12, [Ann. Cas. 1915D, 471, L. R. A. 1915C, 282, 141 Pac. 620] ; *Associated Pipe Line Co.* v. *Railroad Commission,* 176 Cal. 518, [L. R. A. 1918C, 849, 169 Pac. 62] ; *Allen* v. *Railroad Commission,* 179 Cal. 68, [8 A. L. R. 249, 175 Pac. 466].) **[2]** The rule, of course, is that if there was any evidence before the commission which would justify its finding, its order cannot be annulled. There is one circumstance, or set of circumstances, which would seem sufficient for that purpose, and that is that in 1917, two years before the present proceeding was commenced, Van Hoosear himself petitioned the commission for leave to discontinue his service, that such leave was refused after a hearing and opposition, and that he continued his service thereafter without anything to indicate that he did not do so in acquiescence with the order of the commission and in the character of a public utility operator, which he and the commission assumed he had. If it were not for these circumstances, it is exceedingly doubtful at least if the present order of the commission could be sustained. The petitioner's plant is an exceedingly small one; it was originally built to supply water for his own use on his farm; he testifies, and his testimony is corroborated, that he began to supply water to some of his neighbors as a matter of accommodation and merely continued so doing; and he finally discontinued his service because he had sold his farm. It is a case to which the obligations and responsibilities of a public utility are wholly inappropriate, and where the petitioner, by dedicating his system to public use, would impose a perpetual servitude upon his farm from which there could be no escape except by the grace of the commission. It is a good illustration of the truth of the statement in *Allen* v. *Railroad Commission, supra,* that "to hold that property is dedicated to a public use is no trivial thing," and of the justice of the statement which immediately follows that "such declaration is never presumed without evidence of unequivocal intention."

**[3]** Nevertheless, we see no escape from the conclusion that it was not an unreasonable inference that by himself requesting leave of the commission to discontinue, and then, when this leave was refused after opposition, continuing the service, Van Hoosear held himself out as engaged in a public utility business. If he did so hold himself out, it fixed the character of his business from then on, no matter how foolish

he may have been in so doing, or how ignorant he may have been of the legal consequences. His petition for leave to discontinue of necessity assumed that he was in a public utility business, as otherwise the commission would have had no authority in the premises. It was in effect a representation that he was so engaged. This representation, furthermore, was one made not only to the commission but to his own consumers against whom the petition was directed and some of whom opposed it. The order of the commission denying the request, while it does not expressly find that he was engaged in a public utility business, undoubtedly because no question was made upon the point, assumes it throughout and was made upon that basis. It may well be that even by thus representing to the commission and his consumers that he was engaged in a public utility business and submitting himself in that character to the jurisdiction of the commission, Van Hoosear would not be estopped from showing that he was in truth not so engaged. But where, after having made this representation and after having been refused leave to discontinue, he to all outward appearances acquiesces in the refusal and continues his service, it is a fair inference that he continues in the character which he represented he had and which the commission assumed he had; in other words, it is a fair inference that by continuing in business under these circumstances he held himself out, from then on at least, as doing a public utility business. So holding himself out, his business became in truth a public utility business, no matter whether it was previously so or not. There would seem, as we have said, no escape from this conclusion, and it is supported by the authority of *Franscioni* v. *Soledad etc. Co.*, 170 Cal. 221, [149 Pac. 161], where a very similar state of facts was involved. This conclusion is decisive.

To avoid any misapprehension, we might add that what we have said is not to be taken as meaning that it was a necessary inference that Van Hoosear had held himself out as engaged in a public utility business. Upon all the evidence in the case, the commission might well have rejected the inference as contrary to the actual fact. But the commission did not do this, and the inference mentioned being a not unreasonable one, is sufficient to sustain the order.

[4] We might also add that we have not overlooked the fact that when Van Hoosear sold his place and discontinued

service, all of his consumers, five only in number, had agreed, four of them in writing, that he might discontinue in case he sold. This circumstance, however, would not change the character of his business from a public utility business to a private business. If it were a public utility business, as the commission found, it would remain so, no matter how the number of consumers dwindled, even if it dwindled to none at all, and being a public utility business, authority to discontinue it could be had only from the commission, and could not be conferred by the consumers. The circumstances might well have appealed strongly to the discretion of the commission to permit him to discontinue, but over the discretion of the commission we have no control.

Order affirmed.

Shaw, J., Lennon, J., Wilbur, J., Sloane, J., Lawlor, J., and Angellotti, C. J., concurred.