[Sac. No. 4444. In Bank.—August 15, 1931.]

A. BABCOCK et al., Respondents, v. C. W. CLARKE CO. (a Corporation) et al., Appellants.

Athearn, Chandler & Farmer and Frank R. Devlin for Appellants.

N. J. Barry, Oscar Gibbons and A. K. Wylie for Respondents.

PRESTON, J.—Upon this appeal an attack is made upon the judgment as a whole; hence our discussion need not deal with any provision thereof in particular. The sole question is the sufficiency of the evidence to show a dedication to plaintiff's lands of a water right. The action is to have such dedication declared, the right, when found to exist, measured and the service theretofore existing restored by writ of mandate. Estoppel on the part of defendants to deny dedication is also pleaded. The answer puts in issue both the question of dedication and estoppel. The court below heard the cause and gave judgment for plaintiffs as prayed. This appeal by defendants on the full record followed.

Plaintiffs are land owners in the southern part of Big Valley in Lassen County, owning in the aggregate tillable acreage, susceptible of irrigation and · actually heretofore irrigated, of some 600 acres. These lands are of a semi-arid character, very productive under irrigation but of small value without it. Defendant Clarke corporation owns in Modoc and Lassen Counties about 4,500 acres of swamp-land, over and across which Ash Creek, rising in the Warner mountains in Modoc County, flows westerly through a natural channel and finds its way in its march toward the sea, into said Big Valley and later into the Pit River. The Clarke lands are all riparian to this stream but in a state of nature they are too swampy to cut hay crops therefrom and drainage is necessary if this practice is to be employed instead of using them as grazing areas.

Accordingly, in 1897 or 1898, C. W. Clarke and Fredk. Cox, the immediate predecessors in interest of said corporation, entered upon section 27, township 39 N. R. 8 E. M.

D. M., and upstream on said Ash Creek, a distance of about three-fourths of a mile from their lands, established headgates and constructed from that point, on an irregular course, a canal several miles in length, sixteen feet in width at the bottom and three feet in depth, meeting the Pit River several miles below the point where the said stream naturally finds said river. Rights of way by deeds for the canal were secured from the various property owners whose lands were traversed thereby, many of whom were predecessors of some or all of plaintiffs. An outlay of some $7,000 was made and some several months were consumed in developing these diversion works. At the point of intake to said canal, said Clarke and Cox duly posted a notice of appropriation on July 29, 1898, and recorded it in the manner prescribed by law. This notice is not only the required notice of appropriation then prescribed by law but it reveals the intention of the appropriators to divert 7,000 inches of the stream and thereafter sell the waters to the public. This notice is in words and figures as follows:

"Notice is hereby given, that we, the undersigned, claim seven thousand inches of the waters owing in Ash Creek measured under a four-inch pressure at the point where this notice is posted, for the uses and purposes hereinafter specified. We intend to divert said water from said creek by means of headgates upon the northeast quarter of the southeast quarter of section 27, Tp. 39 N., R. 8 E. M. D. M., and into a ditch 25 feet wide and 5 feet deep, running from said headgates in a southerly direction to and upon all of the lands between said headgates and the lower end of Big Valley, and to such other places as may hereafter be selected, there to be sold and used for agricultural, domestic, and mechanical purposes. We intend to use said water each year upon lands other than those above described, for irrigation until the season for irrigation thereon shall have passed, and thereafter we intend to divert said water into said ditch as hereinafter specified, and sell and distribute the same as aforesaid.

"Dated July 29, 1898.

"FREDK. COX,
"C. W. CLARKE,
"By FREDK. COX."

Following completion of said canal in November, 1897, the predecessors of said Clarke Corporation diverted 1,000 inches of water measured under a four-inch pressure and began in 1898 supplying the lands owned by plaintiffs with the quantities of water necessary for their irrigation in order to make them productive at an annual charge of $1 per acre. The waters were diverted into said canal about the 20th of June of each year and kept therein until early September, after which the headgates were closed and the waters returned to the natural stream bed, with the exception that a small amount of water was allowed to continue down said canal for domestic use and stock watering by said ranch owners. This practice was continued by defendant Clarke Corporation after it succeeded to said swamp area for more than twenty years, to wit: Until the season of 1924. In that year defendant Menzel Company, a corporation, having leased said swamp-lands and not desiring to cut crops of hay therefrom, intentionally omitted to divert the said stream into said canal and thereupon plaintiffs were deprived of their customary water supply and this dispute arose, which has apparently continued since said time.

The above facts being undisputed, the question is: Does this showing yield sufficient evidence to sustain the finding of the court below that the defendants are in charge of a public use and a water right has been dedicated by them to the lands of plaintiffs of such strength and character that it entitles them as of right to continue to receive said water service? "The test to be applied is whether or not the petitioner held himself out, expressly or impliedly, as engaged in the business of supplying water to the public as a class, not necessarily to all of the public, but to any limited portion of it, such portion, for example, as could be served by his system, as contradistinguished from his holding himself out as serving or ready to serve only particular individuals, either as a matter of accommodation or for other reasons peculiar and particular to them." (*Van Hoosear* v. *Railroad Com.*, 184 Cal. 553, 554 [194 Pac. 1003, 1004].)

Examination of this notice of appropriation will disclose that it was not the intention of the appropriators to abandon the water after the same was diverted into said canal but on the contrary, it was their purpose to retain

dominion over it and supply all that portion of the public, particularly in Big Valley, as were so situated as to avail themselves of the water supply afforded by said canal. The intention is specific that the waters are "to be sold and used for agricultural, domestic and mechanical purposes". The period of the year at which such sale was to be made was specified and it was specified that after use on the swamp area, the waters were then to be diverted into said canal and sold and distributed as theretofore announced. This intent, coupled with the actual carrying out thereof for a continuous period of twenty-six years, makes out a clear case of amply sufficient evidence to warrant the conclusion reached by the court below.

■ There is no basis for the contention that these were waste waters nor for the contention that the charge made to the ranch owners was merely nominal and for the purpose of preventing plaintiffs from acquiring a vested interest therein. In coming to this conclusion we are not unmindful of the caution with which we should proceed to declare that a property right has been dedicated to a public use, as enjoined by such language as this: " 'To hold that property has been dedicated to a public use is "not a trivial thing" (*San Francisco* v. *Grote*, 120 Cal. 60 [65 Am. St. Rep. 155, 41 L. R. A. 335, 52 Pac. 127]), and such dedication is never presumed "without evidence of unequivocal intention" (*Niles* v. *City of Los Angeles*, 125 Cal. 572 [58 Pac. 190]). . . . ' " (*Allen* v. *Railroad Com.*, 179 Cal. 68, 85 [8 A. L. R. 249, 175 Pac. 466, 473].) See, also, *Van Hoosear* v. *Railroad Com.*, *supra*, and *Richardson* v. *Railroad Com.*, 191 Cal. 716, 721 [218 Pac. 418]. We are entirely satisfied, however, that the facts before us here remove this cause from the zone of influence exerted by those cases.

This conclusion makes it unnecessary to discuss the question of estoppel.

The judgment is affirmed.

Shenk, J., Langdon, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.

Langdon, J., dissented.