**PARSONS et al. v. CITY OF GALVESTON et al.**

**No. 9878.**

Court of Civil Appeals of Texas. Galveston.
July 21, 1932.

Rehearing Denied Sept. 29, 1932.

John L. Darrouzet, Harold M. Oster, and J. L. McKenna, all of Galveston, for appellants.

Bryan F. Williams, City Atty., of Galveston, for appellees.

GRAVES, J.

Appellants, alleging themselves to be the owners of the "Dime Taxi Service," and as such engaged in the transportation of passengers for hire in the city of Galveston, and that "in order to satisfy the people of Galveston as a whole and to bring automobile transportation within the capabilities of the public as far as money expenditure is concerned and at the same time make a reasonable profit on their investment, the said plaintiffs have set a price of 10 cents for the carriage per person to any part of the said City of Galveston within the section of the City bounded by 6th and 40th streets and a minimum of 20 cents per carriage between points one or both of which are without the above mentioned district in said City of Galveston," sought a temporary injunction against the appellees to prevent the enforcement—as against appellants—of the following ordinance now effective in the city of Galveston:

"An ordinance prescribing the minimum fares or charges for the carriage of passengers for hire in the City of Galveston in any automobile, taxi-cab, motor bus or similar motor vehicle devoted to or used in the business of carriage of passengers for hire on the streets of and within the limits of the City of Galveston.

"Be it ordained by the Board of Commissioners of the City of Galveston:

"Section 1. That it shall hereafter be unlawful for any person in charge or control of or engaged in the operation of any automobile, taxi-cab, motor bus or similar vehicle devoted to or used in the carriage of persons for hire over the streets of and within the limits of the City of Galveston to charge or receive for the carriage of any passenger in such vehicle any fare or charge or compensation less than the following:

"For the carriage of any number of passengers not exceeding five between points in that portion of the City of Galveston lying between Sixth Street and Fortieth Street, Twenty-five (25¢) cents for each trip.

"For the carriage of any number of passengers not exceeding five between points one or both of which being without the above mentioned district, fifty cents (50¢) for each trip.

"Provided, however, that nothing herein contained shall be taken as permitting any charge or fare in excess or greater than the maximum charge or fare prescribed by existing ordinances of the City of Galveston.

"Section 2. That any person who shall violate any provision of this ordinance shall be deemed guilty of misdemeanor, and upon conviction shall be fined in any sum not exceeding Twenty-five Dollars ($25.00).

"Section 3. That this ordinance shall take effect upon its due publication as prescribed by the charter of the City of Galveston."

The relief prayed for having been refused below in an order reciting:

"1. That the temporary restraining order herein issued on May 27, 1932, be and the same is hereby dissolved and declared to be of no further force and effect;

"2. That the temporary writ of injunction prayed for by the plaintiffs herein be and the same is hereby denied;

"3. That the defendants' general demurrer to plaintiffs' petition be and the same is hereby sustained,"

—they come here under assignments, asserting:

(1) "The ordinance in question being invalid, the court should have overruled the general demurrer and held that plaintiffs' petition stated a good cause of action."

(2) "The ordinance being in contravention of sections 3, 16, 19, and 26 of article 1 of the Constitution of the State of Texas, and also violative of the 14th Amendment of the Constitution of the United States, the court should have held same to be void and should have granted a temporary injunction against the enforcement thereof."

The trial court's judgment should, we conclude, be affirmed. As its terms plainly reflect, the ordinance has to do with rates to be charged by those using vehicles, of the kind specified in carrying on a business of common carriers of passengers for hire within the limits and over the streets of the city; that is, it simply prescribes minimum fares to

be charged for such service, prohibiting and making unlawful the charging of any either lower than those therein fixed, or higher than the maximum fares fixed by different and pre-existing ordinances.

■ Appellants appear, in limine, to labor under two misconceptions as to their legal status in an action such as they brought: (1) That they had an inherent or vested right to carry on the business of a common carrier of passengers for hire over the public streets of the city of Galveston, as they had been doing; (2) that, in testing the sufficiency of their bill or petition for the coveted writ, as against the general demurrer interposed by the appellees, they were—under the rule in ordinary cases—entitled to the benefit of every reasonable intendment from their allegations, and, if any of them upon their face stated a cause of action for injunctive relief, the temporary order should have issued, pending the coming out of the full facts at a trial on the merits.

Neither position is tenable; in the first place, an inspection of their application discloses no sort of averment showing, or tending to show, that they had ever acquired any contractual, recognized, or vested right to use the city's streets for the conduct of such a business as they sought to continue, through the granting to them of any franchise, privilege, or permit, whatever; on the contrary, they in effect negative any such claim, when all they assert, to quote their recitation in that respect, is: "That the plaintiffs are the owners of the Dime Taxi Service and are engaged in the transportation of passengers for hire in the City of Galveston, Texas; that for a length of time they have been operating the said taxicabs in the City of Galveston and have been giving courteous and satisfactory cab-service to the people."

■ That, in the absence of a showing of the vouchsafing of such a right to others, the prerogative of controlling the use of the streets for private business purposes is one for the state itself—or a city to which it has delegated that power—to exercise, as it sees fit, without contravening any of the constitutional provisions here invoked by appellants, seems to have been well settled, not alone by the appellate courts of Texas, but by the Supreme Court of the United States as well. Charter, City of Galveston, § L-C; R. S. Texas, art. 1175; Davis v. City of Houston (Tex. Civ. App.) 264 S. W. 625, 626; Gill v. City of Dallas (Tex. Civ. App.) 209 S. W. 209, writ of error denied; Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596; Clem v. La Grange, 169 Ga. 51, 149 S. E. 638, 65 A.

L. R. 1361; Community Natural Gas Co. v. Natural Gas, etc., Co. (Tex. Civ. App.) 34 S.W.(2d) 900, 901; Great Northern Utilities Co. v. Public Service Comm. (D. C.) 52 F.(2d) 802; City of Arlington v. Lillard, 116 Tex. 446, 294 S. W. 829; City of San Antonio v. Fetzer (Tex. Civ. App.) 241 S. W. 1034; Craddock v. City of San Antonio (Tex. Civ. App.) 198 S. W. 634; Economic Gas Co. v. City of Los Angeles, 168 Cal. 448, 143 P. 717, Ann. Cas. 1916A, 931; Ex parte Luna, 98 Tex. Cr. R. 458, 266 S. W. 415; Mapleton v. Iowa Public Service Co., 209 Iowa, 400, 223 N. W. 476, 68 A. L. R. 993; Tipton v. Tipton Light & Heating Co., 176 Iowa, 224, 157 N. W. 844.

■ As those cited authorities make very clear, the extent to which the citizen seeks to use the city streets has much to do with the reaches of the public power over them in relation to him; he may use them in the ordinary way for purposes of travel or transportation of property in the usual course of life or business, as an inherent privilege, common alike to all who are similarly situated, that may be reasonably regulated, though not entirely taken from him; but he has no vested right to conduct his private business for profit exclusively within their limits and over the facilities they afford—that being an exceptional or peculiar burden that is always subject to the will of the state, or of the political subdivision to which that attribute of sovereignty has been delegated; wherefore, since these appellants declared upon the latter alone, without having the wedding-garment of a permit, grant, or franchise from the governing body, the court had no power to trench upon its exclusive province.

■ In the second place, this having been an application for a temporary injunction, appellants were not entitled to the aid of any reasonable intendments that might otherwise have been given their averments, under the rule as thus stated by this court in Houston Electric Company v. City of Houston, 212 S. W. 198, at page 199: "The averments of the bill by which so drastic a remedy is asked, contrary to the rule in ordinary actions, will be taken most strongly against the applicant, and must negative any reasonable inference from the facts stated that he may not be entitled to the recovery sought. Miller v. City [of Ballinger (Tex. Civ. App.)], 204 S. W. 1173, 1174 (2); Ross v. Veltmann [Tex. Civ. App.] 161 S. W. 1073, and cited authorities."

Further discussion is deemed unnecessary, as these conclusions determine the merits of the appeal; the order of affirmance will accordingly issue.

Affirmed.