## HUDSON & M. R. CO. v. UNITED STATES et al.

### Civ. No. 426.

District Court, D. New Jersey.

June 17, 1940.

John A. Hartpence, of Jersey City, N. J., and John E. Buck, Donald C. Swatland, William T. Stewart, Jr., and John F. Finerty, all of New York City (Cravath, De Gersdorff, Swaine & Wood, of New York City, of counsel), for plaintiff.

Frank Coleman, Sp. Asst. to Atty. Gen., and Hubert J. Harrington, Asst. U. S. Atty., of Newark, N. J. (Elmer B. Collins, Sp. Asst. to Atty. Gen., and Thurman Arnold, Asst. Atty. Gen., of counsel), for the United States.

P. J. Farrell, Asst. Chief Counsel of Interstate Commerce Commission, of Washington, D. C., for the Interstate Commerce Commission.

Charles Hershenstein, of Jersey City, N. J., for City of Jersey City, intervenor.

Before CLARK, Circuit Judge, FORMAN and FAKE, District Judges.

FAKE, District Judge.

On July 31, 1937, plaintiff issued and filed its Local Passenger Tariff (I.C.C. No. 42) to become effective September 1, 1937, establishing a fare of 10 cents for interstate transportation on its downtown line. Theretofore the fare had been fixed at 6 cents. Protests were filed with the Interstate Commerce Commission against the increase of fare, and on August 17, 1937, the Commission issued an order directing a hearing on the issues involved and suspended the operation of the increase.

After lengthy hearings and voluminous testimony before the Commission, Commissioner Porter issued a report in which a majority of the Commission concurred, finding that the proposed fare of 10 cents would be unreasonable under sections 1 and 15a of the Interstate Commerce Act, 49 U.S.C.A. §§ 1, 15a, but that a fare of 8 cents was justified as a maximum fare.

The questions to be answered here are: Was the aforesaid finding based upon substantial evidence? And, Did the Commission make the necessary basic findings upon which to predicate its order?

A study of the report and the evidence upon which it was founded discloses that the Commission had before it a complete description of plaintiff's physical properties used in and about its transportation operations and as well of its other real estate holdings. Likewise, the Commission had before it complete knowledge of the costs and values of plaintiff's properties, the financial obligations resting thereon and its profits and losses extending back over the years. In addition, the Commission had before it detailed information bearing upon the extent of the territory served by the plaintiff, the volume of traffic involved, the conditions peculiar to New York City and the metropolitan area, the changes and removal of shopping and business centers, the coming in of competition by vehicular tunnels and bridges, interline agreements, the re-routing of traffic occasioned by changes made in the terminal facilities of steam railroads, the rates of all the transportation services entering the City of New York including commutation rates, single fare rates and trip ticket rates, as fixed for the steam railroads, electric roads, ferries and bus lines, the bearing of existing transportation facilities on business and residential areas, the tax problems involved thereby, and as well the problems of public convenience and service. All of which will more fully and in detail appear by a study of the Commissioner's Report and the evidence upon which it is based.

In dealing with the problems which the evidence here presents, it must be realized that it is beyond the sphere of human ingenuity to establish a rule of mathematical certainty whereby a rate may be ascertained as reasonable or unreasonable. Nor is it possible in such a case to pick

out a few of the numerous factors involved, separate them from the others, and arrive at a conclusion thereon. The better method is to consider and analyze the separate factors and then weighing them as a whole, ascertain which way the scale tips. We do not deem it necessary to repeat the lengthy and numerous details which this record affords, since the report of the Commission is full and complete and to restate its contents would be to enlarge the record without any excuse.

In Interstate Commerce Commission v. Union Pacific R. R. Co., 222 U.S. 541, at page 549, 32 S.Ct. 108, at page 112, 56 L. Ed. 308, the Supreme Court said: "In this case the Commission had before it many witnesses and volumes of reports, statistics, and estimates, including the rates on lumber charged by other roads, and those charged by these carriers on other classes of freight. * * * With that sort of evidence before them, rate experts of acknowledged ability and fairness, and each acting independently of the other, may not have reached identically the same conclusion. We do not know whether the results would have been approximately the same. For there is no possibility of solving the question as though it were a mathematical problem to which there could only be one correct answer. Still there was in this mass of facts that out of which experts could have named a rate. The law makes the Commission's finding on such facts conclusive."

We are of the opinion that taking the evidence as a whole and bearing in mind that the Fourteenth Amendment does not assure the right under all circumstances to have a return upon the value of the property used, there was sufficient in the record before the Commission upon which the Commissioners as experts might ascertain and fix a reasonable rate, and that there was substantial evidence upon which a conclusion could be arrived at that an 8 cents fare would produce a better revenue over a period of time than would result from a 10 cents fare. Nor does the ascertained rate of 8 cents, in view of the evidence, take plaintiff's property rights without due process of law. Public Service Commission v. Great Northern Utilities Co., 289 U.S. 130, 53 S.Ct. 546, 77 L.Ed. 1080.

It is our conclusion that the finding of the Commission was based upon substantial evidence and that its report makes the necessary basic findings upon which it founded its order.

The prayer of the complaint is denied and an order may be entered to that effect.