HUDSON & MANHATTAN RAILROAD CO. *v.* UNITED STATES ET AL.

No. 628.   Argued April 7, 8, 1941.—Decided April 28, 1941.

*Mr. John F. Finerty,* with whom *Messrs. Donald C. Swatland* and *John A. Hartpence* were on the brief, for appellant.

*Mr. Edward M. Reidy,* with whom *Solicitor General Biddle* and *Mr. Daniel W. Knowlton* were on the brief, for the United States et al.; and *Mr. Charles Hershenstein* for Jersey City, appellees.

PER CURIAM.

On July 31, 1937, appellant filed with the Interstate Commerce Commission a passenger tariff establishing a fare of 10 cents for interstate transportation on its downtown line in lieu of the existing fare of 6 cents. The Commission suspended the tariff and after full hearing found that the revenue results to appellant would be more favorable under an 8-cent fare than under a 10-cent fare and further determined that the proposed 10-cent fare would be unreasonable under §§ 1 and 15a of the

Interstate Commerce Act and that an 8-cent fare had been justified.

The Commission directed the cancellation of the schedule filed, without prejudice to the establishment of an 8-cent fare, and accordingly, in July, 1938, appellant canceled its proposed tariff and put into effect a fare of 8 cents. The Commission refused a rehearing.

In June, 1939, appellant brought this suit to set aside the Commission's order. The case was heard in the District Court by three judges upon the record made before the Commission, and the court rendered its decision in June, 1940, holding that the findings of the Commission were based upon substantial evidence and that the order was within the Commission's authority, was not confiscatory, and did not deprive appellant of its property without due process of law. 33 F. Supp. 495.

As this Court has observed, "The raising of rates does not necessarily increase revenue. It may in particular localities reduce revenue instead of increasing it, by discouraging patronage." *Florida v. United States,* 282 U. S. 194, 214. The effect of an increased rate of 10 cents as compared with one of 8 cents, with respect to resulting revenues, was necessarily one of judgment upon evidence and the Commission had evidence before it with respect to traffic conditions in the area in question and the extent of probable diversion of traffic if the fare were increased to 10 cents. We conclude that in this relation there was evidence to support the Commission's findings and its findings supported its order.

The decree of the District Court is affirmed. *Interstate Commerce Commission v. Louisville & Nashville R. Co.,* 227 U. S. 88, 98; *Virginian Railway Co. v. United States,* 272 U. S. 658, 665, 666; *Florida v. United States,* 292 U. S. 1, 9; *Ohio v. United States,* 292 U. S. 498, 506; *United States v. American Tin Plate Co.,* 301 U. S. 402, 411.                                             *Affirmed.*