**PAN AMERICAN WORLD AIRWAYS,**
Inc., Petitioner,

v.

**CIVIL AERONAUTICS BOARD,**
Respondent.

No. 13817.

United States Court of Appeals District of Columbia Circuit.

Argued March 5, 1958.

Decided May 22, 1958.

Mr. Henry J. Friendly, New York City, with whom Mr. Robert C. Barnard, Washington, D. C., was on the brief, for petitioner.

Mr. Morris Chertkov, Atty., Civil Aeronautics Board, Washington, D. C., with whom Messrs. Franklin M. Stone, Gen. Counsel, Civil Aeronautics Board, John H. Wanner, Associate Gen. Counsel, Civil Aeronautics Board, O. D. Ozment, Asst. General Counsel, Litigation and Research, Civil Aeronautics Board, and Daniel M. Friedman, Atty., Dept. of Justice, Washington, D. C., were on the brief, for respondent.

Before EDGERTON, Chief Judge, and BAZELON and BURGER, Circuit Judges.

EDGERTON, Chief Judge.

Northwest flies a short route between Seattle and Tokyo. Pan American, under its certificate from the Civil Aeronautics Board, flies a much longer route, via Hawaii, between San Francisco and Tokyo. The Board fixed the same "service" rate, computed on the basis of the shorter Northwest mileage, to be paid by the Postmaster General for carrying mail to and from Tokyo by either route. Pan American contends this equalized rate fails to meet the statutory "fair and reasonable" standard and the Fifth Amendment "just compensation" standard because, although the rate more than covers out-of-pocket costs, it does not cover fully allocated costs plus or including a return on allocated investment.

The burden of proof is on Pan American to show that the rate is "unfair and unreasonable as applied to it." United States v. Jones, 336 U.S. 641, 665, 69 S.Ct. 787, 799, 93 L.Ed. 938. We think it has not shown this. The Board says Pan American is better off by reason of the "equalized" rate than it would be if rates were based on actual mileage, because the Postmaster General would then give Northwest nearly all Tokyo mail and this would take away a good deal of Pan American's revenue. We think the Board was right in giving weight to this fact. Hudson & Manhattan R. Co. v. United States, 313 U.S. 98, 61 S.Ct. 884, 85 L.Ed. 1212. "It is not theory but the impact of the rate order which counts. If the total effect of the rate order cannot be said to be unjust and unreasonable, judicial inquiry under the Act is at an end." Federal Power Commission v. Hope Natural Gas Co., 320 U.S. 591, 602, 64 S.Ct. 281, 288, 88 L.Ed. 333.

A carrier may be required to charge for a particular service a rate that is not fully compensatory, in the sense that it does not cover fully allocated costs and return. Baltimore & O. R. Co. v. United States, 345 U.S. 146, 73 S.Ct. 592, 97 L.Ed. 912; Market Street Ry. Co. v. Railroad Commission of State of California, 324 U.S. 548, 65 S.Ct. 770, 89 L.Ed. 1171. Cf. Railway Express Agency, Inc., v. Civil Aeronautics Board, 100 U.S.App.D.C. 165, 243 F.2d 422. "So long as a railroad is not caused by such regulations to lose money on its over-all business, it is hard to think that

it could successfully charge that its property was being taken for public use 'without just compensation.' " Baltimore & O. R. Co. v. United States, supra, 345 U.S. at page 148, 73 S.Ct. at page 593. Pan American does not contend it will lose money on its over-all Tokyo business, which includes carrying passengers and freight as well as mail.

■ But for one point, we would affirm the Board's order. Pan American says the service rate should at least include an allowance for carrying mail between San Francisco and Seattle. We think this contention is valid as far as it is applicable; but it is applicable only to so much of Pan American's Tokyo mail as comes from or goes to such points that if it were carried between Seattle and Tokyo it would have to be carried between Seattle and San Francisco. We think the Board should determine how much mail is in this category and revise its order accordingly.

Modified and affirmed.